76 F.3d 306
 77 A.F.T.R.2d 96-965, 96-1 USTC P 50,185,
Bankr. L. Rep. P 76,831,
96 Cal. Daily Op. Serv. 963,
96 Daily Journal D.A.R. 1599
 In re Rex O. OSBORNE; Helen C. Osborne, Debtors.
UNITED STATES INTERNAL REVENUE SERVICE, Appellant,
v.
Rex O. OSBORNE, fdba: the Original Hamburger Stand # 7;
fdba: Tommies Hamburgers; Helen C. Osborne,
fdba; the Original Hamburger Stand # 7;
fdba: Tommies Hamburgers, Appellees.
 No. 94-55890.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Feb. 12, 1996.
 
 Marc J. Winter, Taylor, Simonson & Winter, Claremont, California, for appellees.
 Gary R. Allen (on the briefs) and Gary D. Gray (argued), United States Department of Justice, Tax Division, Washington, D.C., for appellant.
 Appeal from the Bankruptcy Appellate Panel of the Ninth Circuit; OLLASON, JONES, and MEYERS, Judges, Presiding.
 Before: ALDISERT,* FARRIS and RYMER, Circuit Judges.
 ALDISERT, Senior Circuit Judge.
 
 
 1
 We are to decide a case that arose prior to the enactment of the Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. 4106 (codified as amended at 11 U.S.C. § 502(b)(9) (1995)). This new statute specifically provides that a claim may be disallowed if proof of such claim is not timely filed. This amendment to the Bankruptcy Code, however, applies only to cases filed after October 22, 1994, the effective date of the Reform Act. Because this case was filed before that date, we must interpret the statutes, rules and case law that governed proceedings prior to the effective date.
 
 
 2
 This appeal by the United States from a judgment of the Bankruptcy Appellate Panel of the Ninth Circuit requires us to decide whether the government's claim for taxes, advanced by the Internal Revenue Service (IRS) in a Chapter 13 proceeding, was timely filed under Rule 3002 of the Bankruptcy Rules. We must decide whether this case is governed by the teachings of In re Tomlan, 102 B.R. 790, 791-92 n. 1 (E.D.Wash.1989), aff'd per curiam, 907 F.2d 114 (9th Cir.1990), or In re Pacific Atlantic Trading Co. (United States v. Towers), 33 F.3d 1064 (9th Cir.1994). We hold that there is a fundamental distinction between Chapter 13 and Chapter 7 timeliness requirements. Because timeliness is of the essence in claims filed in a Chapter 13 reorganization, this case is governed by the strict time requirements on filing claims set forth in In re Tomlan. Accordingly, we affirm the judgment on the basis that the IRS claims were not timely filed. In reaching this conclusion, we decide that the teaching of Pacific Atlantic is limited to Chapter 7 proceedings.
 
 
 3
 The Bankruptcy Appellate Panel had jurisdiction under 28 U.S.C. §§ 158(a) and 158(b)(1). This court has jurisdiction under 28 U.S.C. § 158(d). Appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure.
 
 
 4
 Whether a claim may be disallowed in a bankruptcy proceeding on the ground that the proof of claim was not timely filed pursuant to Rule 3002(c), Fed.R.Bankr.P., is a question of law subject to de novo review. Pacific Atlantic, 33 F.3d at 1065 (citing In re Acequia, Inc., 787 F.2d 1352, 1357 (9th Cir.1986)).I.
 
 
 5
 The facts are not in dispute. Rex and Helen Osborne are debtors who filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code on July 24, 1991. The debtors' schedule included, as priority unsecured debts, income and payroll taxes for the tax years 1985 through 1987 in the amount of $9,228 and income taxes for the tax years 1989 through 1990 in the amount of $16,000. The debtors' plan, which provided for full payment of these priority claims, was confirmed by the bankruptcy court on October 2, 1991. The bankruptcy court established December 31, 1991 as a bar date for filing timely proofs of claim.
 
 
 6
 The IRS filed a proof of claim on December 24, 1991 for $11,746.10, including estimates for personal income taxes for the tax years 1985 through 1989. A supplemental claim filed April 10, 1992 detailed personal income taxes for the years 1986 through 1990 in the amount of $31,470.32. A second amended claim followed on November 30, 1992, asserting for the first time a claim for unpaid payroll taxes. This claim, for $214,287.69, listed personal income tax liabilities and penalties for the years 1985 through 1990, and federal payroll tax liabilities and penalties for the years 1983 through 1986.
 
 
 7
 Debtors objected to the supplemental (April 10, 1992) claim on the ground that the 1990 tax year was not listed in the original proof of claim. They objected to the amended (November 30, 1992) claim on two separate grounds: first, that the amounts claimed for 1988 and 1990 were dramatically higher than those listed on the original proof of claim; and second, that the claim for payroll taxes was not listed on the original proof of claim.
 
 
 8
 The bankruptcy court ruled that the supplemental claim filed by the IRS related back to the timely filed original proof of claim, and thus allowed the claim in its entirety. Similarly, the bankruptcy court allowed the personal income tax liabilities listed in the IRS's amended (November 30, 1992) claim because they related back to the original claim. The bankruptcy court disallowed the claim for payroll taxes, however, because that claim was of a character different from those set forth in the original proof of claim and thus were untimely filed pursuant to Rule 3002(c). The IRS appealed to the Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed.
 
 
 9
 The flash point of controversy is the power and authority of the bankruptcy court to enforce a claims bar in a Chapter 13 proceeding under Bankruptcy Rule 3002(c), which provides:
 
 
 10
 (c) Time for filing
 
 
 11
 In a chapter 7 liquidation ... or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ...
 
 
 12
 (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.
 
 
 13
 Although Bankruptcy Rule 3002 is merely a procedural rule, it has the force of law unless it is in direct violation of a specific statutory provision. The Advisory Committee note to Rule 3002 states in part the following:
 
 
 14
 Subdivision (a) of this rule is substantially a restatement of the general requirement that claims be proved and filed....
 
 
 15
 Subdivision (c) is adapted from former Bankruptcy Rule 302(e) but changes the time limits on the filing of claims in chapter 7 and 13 cases from six months to 90 days after the first date set for the meeting of creditors ...
 
 
 16
 Former Rule 302 applied to proceedings brought under the Bankruptcy Act of 1898, ch. 541, 30 Stat. 544. Section 57(n) of the 1898 Act specifically disallowed claims not filed within six months after the first meeting of creditors, see 11 U.S.C. § 93(n) (1976), and Rule 302(a) accommodated this statutory requirement by providing that a claim had to be filed within the six-month period in order to be allowed. Prior to the Bankruptcy Reform Act of 1994, the Bankruptcy Code contained no provision comparable to former Section 57(n) disallowing late claims.
 
 
 17
 Yet the legislative history of 11 U.S.C. § 501 indicates that Congress intended to delegate to the Rules of Bankruptcy Procedure the authority to suggest proper time limits:
 
 
 18
 The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. The rules governing time limits for filing proofs of claims will continue to apply under section 405(d) of the bill. These provide a 6-month bar date for the filing of tax claims.... In light of the difficult administrative burden on taxing authorities, especially the Internal Revenue Service, in dealing with a bankrupt taxpayer and being required to prepare and file a tax claim, it is anticipated that any amendment to the Rules of Bankruptcy Procedure will not deprive taxing authorities of this amount of time to file proofs of claims.
 
 
 19
 H.R.Rep. No 595, 95th Cong. 1st Sess. 351 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 61 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5847, 6307.
 
 
 20
 It is on this statutory authority that the present Rule provides that claims must be filed within 90 days of the first date set for a meeting of creditors and that government agencies may apply to the bankruptcy court for additional time to file tax claims. No such request was made here.
 
 II.
 
 21
 Were this panel writing on a clean slate, our analysis would end here. But we are bound by the doctrine of stare decisis, and must follow decisions of previous panels. Unfortunately, we are confronted with a panel decision of this court holding unequivocally that Bankruptcy Rule 3002 is valid and sets appropriate time limits in a Chapter 13 reorganization case, In re Tomlan, 102 B.R. at 795; and the decision of a later panel declaring that in the context of a Chapter 7 case, "Rule 3002(c) does not disallow a late claim. It simply divides claims into two categories: timely and late." Pacific Atlantic, 33 F.3d at 1067.
 
 
 22
 Two basic precepts will inform our decision. First, a panel of this court may not overrule a decision of a previous panel; only a court in banc has such authority. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). Second, the doctrine of stare decisis concerns the holdings of previous cases, not the rationales:
 
 
 23
 A judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts and arising in the same court or a lower court in the judicial hierarchy.
 
 
 24
 Allegheny General Hospital v. NLRB, 608 F.2d 965, 969-970 (3rd Cir.1979) (footnote omitted). Stare decisis is the policy of the court to stand by precedent; the term is but an abbreviation of stare decisis et non quieta movere--"to stand by and adhere to decisions and not disturb what is settled." Consider the word "decisis." The word means, literally and legally, the decision. Nor is the doctrine stare dictis; it is not "to stand by or keep to what was said." Nor is the doctrine stare rationibus decidendi--"to keep to the rationes decidendi of past cases." Rather, under the doctrine of stare decisis a case is important only for what it decides--for the "what," not for the "why," and not for the "how." Insofar as precedent is concerned, stare decisis is important only for the decision, for the detailed legal consequence following a detailed set of facts.
 
 
 25
 It is in light of these precepts that we consider In re Tomlan, in which, on appeal from the bankruptcy court, the district court upheld the debtor's objection in a Chapter 13 proceeding to a proof of a federal tax claim on the ground that it was not timely filed. The district court held that
 
 
 26
 [t]he law is clear and unchallenged here that the Bankruptcy Court has no discretion to allow a late-filed proof of claim. The code gives no special treatment for late filing of potential priority claims.
 
 
 27
 In re Tomlan, 102 B.R. at 795. The court concluded that Rule 3002, Fed.R.Bankr.P., complements the process of allowing claims by setting a bar date by which a claim must be filed in order to be allowed under 11 U.S.C. § 502:
 
 
 28
 In order to effectuate [the purpose of a Chapter 13 reorganization], it is essential that all unsecured creditors seeking payment under the plan file a proof of claim. A date certain for such filings is crucial to the ability to determine the full extent of the debts and evaluate the efficacy of the plan in light of the debtor's assets and foreseeable future earnings.
 
 
 29
 In re Tomlan, 102 B.R. at 792.
 
 
 30
 We are faced with an identical factual scenario: a Chapter 13 proceeding in which an IRS claim was not filed in accordance with the time limits established by Rule 3002. On appeal to this court, our agreement in In re Tomlan was concise and irrefragably free of ambiguity. Our entire opinion reads as follows:
 
 PER CURIAM:
 
 31
 We consider whether the IRS must timely file a proof of its unsecured claims in order to obtain priority status in a Chapter 13 bankruptcy. We conclude that it must, adopting as our own the excellent opinion of Judge Quackenbush below, reported at 102 B.R. 790 (E.D.Wash.1989).
 
 
 32
 AFFIRMED.
 
 
 33
 In re Tomlan, 907 F.2d 114 (9th Cir.1990). The fact that our disposition was a succinct per curiam opinion does not subtract from either its thoroughness or persuasiveness. See United States v. Aguon, 851 F.2d 1158, 1178 (9th Cir.1988) (Wallace, J., concurring and dissenting). Thus, we perceive that the ruling case law of this court, unless and until changed by a court in banc, dictates that in a Chapter 13 reorganization, an IRS priority claim that the bankruptcy court disallows as untimely is also dischargeable under the Bankruptcy Code.
 
 III.
 
 34
 In holding that the teaching of In re Tomlan applies in Chapter 13 reorganization cases, we do not intend to detract from the efficacy of Pacific Atlantic in Chapter 7 cases filed prior to the effective date of the Bankruptcy Reform Act of 1994. Moreover, we emphasize the substantial difference in the considerations relevant to Chapter 13 and Chapter 7 cases.
 
 
 35
 Chapter 13 of the Bankruptcy Code deals with the adjustment of debts of an individual having regular income by means of are organization plan. The debtor is required to file a plan which provides for the submission of all or a portion of her or his future earnings to the supervision and control of a trustee. Unless the creditor agrees to a different treatment of its claim, the plan must provide for the full payment of "all claims entitled to priority under Section 507." 11 U.S.C. § 1322(a)(2). After a debtor has made all payments required by the Chapter 13 plan, the bankruptcy court may grant the debtor a discharge of all debts provided for by the plan or disallowed under Section 502. 11 U.S.C. § 1328(a).
 
 
 36
 The goal of the distribution scheme in Chapter 7 liquidations, on the other hand, is to ensure that all parties have an opportunity to collect from the estate's limited assets. Treatment of creditors' claims in Chapter 7 is thus automatically provided for under Section 726. Whereby the debtor's non-exempt assets are liquidated and the proceeds are distributed to the creditors. The debtor can only receive the remainder after all creditors have been paid, including those that failed to comply with the time bar. 11 U.S.C. § 726. Hence, even tardy claims must be paid before any distribution to the debtor may be made. Id. Thus, in the Chapter 7 context, it is not a matter of allowance or disallowance of claims, because a claim disallowed as a result of late filing can be specially allowed in Chapter 7 proceedings prior to distribution of the estate property to the debtor.
 
 
 37
 In stark contrast, a Chapter 13 debtor retains the assets of the estate in exchange for an agreement to make periodic payments to the creditors. The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7. 11 U.S.C. § 1325(a)(4). The debtor thus has an interest only in whatever is ultimately left over, after all claims have been paid. Accordingly, if late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine with finality whether a Chapter 13 plan satisfies this standard.
 
 
 38
 Moreover, because Chapter 13 serves as a flexible vehicle for the repayment of allowed claims, all unsecured creditors seeking payment under a Chapter 13 plan must file their claims on a timely basis so that the efficacy of the plan can be determined in light of the debtor's assets, debts and foreseeable earnings. As this court has recognized, the policy considerations, goals and distribution schemes are fundamentally different. See In re Tomlan, 102 B.R. at 792 ("The purpose of Chapter 13 is 'to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor.' ") (citation omitted). Accordingly, there are no jurisprudential barriers to prevent one rule for Chapter 13 cases and another for Chapter 7. See, e.g., In re Chavis, 47 F.3d 818, 823-24 (6th Cir.1995)(untimely filing by IRS in Chapter 13 proceeding was properly disallowed). Of course, the Bankruptcy Reform Act of 1994 now codifies the In re Tomlan rule for both Chapter 7 and Chapter 13 cases.
 
 IV.
 
 39
 Finally, we are unpersuaded by Appellant's argument that In re Tomlan does not control merely because the law was "unchallenged" by the parties. See In re Tomlan, 102 B.R. at 795 ("The law is clear and unchallenged here that the Bankruptcy Court has no discretion to allow a late-filed proof of claim."); see also In re Beltran, 177 B.R. 905, 907 (9th Cir. BAP 1995). This argument must fail in light of the fact that the district court in In re Tomlan also characterized the applicable law as "clear." 102 B.R. at 795. Indeed, the proper relationship between the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure was "clear": a time bar was contemplated by Congress and was supplemented by the Bankruptcy Rules.
 
 
 40
 Appellant's argument that In re Tomlan was overruled by Pacific Atlantic also need not detain us. First, as previously noted, it takes an in banc decision of this court to overrule a decision of a previous panel. Second, there was no reference to the former case in the latter opinion; accordingly, we must apply the basic jurisprudential maxim that indirect overrulings are not to be inferred. Third, Chief Judge Wallace authored Pacific Atlantic, filed on August 18, 1994, and was a member of the panelin In re Tomlan, filed July 12, 1990, on whose terse, unequivocal holding we have relied. Because of this, our cautionary jurisprudential maxim assumes a fortiori proportions.
 
 
 41
 AFFIRMED.
 
 RYMER, Circuit Judge, dissenting:
 
 42
 I believe that this case is controlled by our holding in In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir.1994), not by the teaching of In re Tomlan, 102 B.R. 790 (E.D.Wash.1989), aff'd per curiam, 907 F.2d 114 (9th Cir.1990). Like this case, Pacific Atlantic turns on former Bankruptcy Code sections 501, 502, and 507, and Bankruptcy Rule 3002; these provisions apply equally in both Chapter 7 and Chapter 13 proceedings. Pacific Atlantic's holding that section 501 neither imposes its own time limit on the filing of claims nor incorporates the time limit of Rule 3002, is based on the plain meaning of those provisions. I don't see how we can say otherwise just because this is a Chapter 13 case rather than a Chapter 7 one. I therefore dissent.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation