United States Court of Appeals,

Eleventh Circuit.

No. 94-7107.

In re James DAVIS and Leonila Davis, Debtors.

INTERNAL REVENUE SERVICE, Plaintiff-Appellee,

S & S Limited, Plaintiff-Appellant,

v.

James DAVIS, Leonila Davis, Defendant-Appellees.

April 23, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 94-P-539-S), Sam C. Pointer, Jr., Chief Judge.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

This Chapter 7 bankruptcy appeal involves whether an Internal Revenue Service ("IRS") claim for taxes under 11 U.S.C. § 507(a)(7), untimely filed under Bankruptcy Rule of Procedure 3002(c), should be paid as a priority claim under 11 U.S.C. § 726(a)(1), as ruled by the district court, or as an unsecured claim under 11 U.S.C. § 726(a)(3), as decided by the bankruptcy court. The district court held that, even though untimely filed, the claim should be paid as a priority claim because the timeliness provisions of Rule 3002(c) do not apply to distributions under section 726(a)(1). Since no distribution of the bankrupt estate had yet occurred under section 726, the court held it need not reach the question of whether the IRS would still be entitled to section 507(a)(7) priority after distribution. We affirm.

We follow the holdings of the Second and Ninth Circuits. *In*

*re Pacific Atlantic Trading Co.,* 33 F.3d 1064, 1067 (9th Cir.1994) ("Section 726(a)(1) makes no distinction between late and timely claims."); *In re Vecchio,* 20 F.3d 555, 557 (2d Cir.1994) ("Section 726(a)(1) accords priority status to claims specified in 507 without regard to the timeliness of filing.").

Apparently no other circuits have definitively decided this precise issue in a Chapter 7 bankruptcy. *But see United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990) (upholding priority status where IRS not notified and had no knowledge of debtor's bankruptcy case or of bar date).

The Chapter 13 cases relied upon by the appellant are inapplicable. *See In re Osborne,* 76 F.3d 306 (9th Cir.1996) (In holding a timeliness requirement "in Chapter 13 reorganization cases, we do not intend to detract from the efficacy of *Pacific Atlantic* in Chapter 7 cases filed prior to the effective date of the Bankruptcy Reform Act of 1994. Moreover, we emphasize the substantial difference in the considerations relevant to Chapter 13 and Chapter 7 cases."); *Matter of Waindel,* 65 F.3d 1307, 1312 (5th Cir.1995) (Duhe, J. concurring) ("The majority rejects the bar date because 726(a) allows the payment of a claim even if proof of it is tardily filed. But § 726 does not apply to a case under Chapter 13."); *In re Chavis,* 47 F.3d 818, 823 (6th Cir.1995) ("There are fundamental differences between Chapter 7 and Chapter 13 bankruptcies that effectively limit the Second and Ninth Circuit decisions ... to Chapter 7 actions").

We note that this decision is controlled by the Bankruptcy Code in effect prior to the 1994 amendments. Bankruptcy Reform Act

of 1994 § 702, Pub.L. No. 103-394, 108 Stat. 4106 (1994).

**AFFIRMED.**