ORDER
ROBERT D. POTTER, Senior Judge.
THIS MATTER is before the Court on appeal from the U.S. Bankruptcy Court for the Western District of North Carolina. The Trustee in Bankruptcy appeals an order that the priority claims of the Internal Revenue Service be paid pursuant to 11 U.S.C. § 726(a)(1) rather than 11 U.S.C. § 726(a)(3). Because the Court feels that the Bankruptcy Code directs this result, it shall affirm.
Fact Summary
On December 11, 1990 Bulldog Trucking, Inc. filed a petition with the United States Bankruptcy Court for the Western District of North Carolina to effect a reorganization with its creditors pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code. This case was converted to a Chapter 7 liquidation on February 14, 1991, and the Bankruptcy Court established June 24, 1991 as the bar date to file proofs of claim. The I.R.S. was scheduled as a creditor and was listed on the matrix of creditors which received notice of the case. The I.R.S. filed a series of three different claims against Bulldog, only one of which was timely filed.
On July 31, 1996 the Trustee in Bankruptcy filed a Motion for Allowance and Disallowance of Claims, in which it objected to the two tardy claims filed by the I.R.S. The I.R.S. responded on August 29,1996, amending one of the claims and defending the other. A hearing on the matter was held by the Bankruptcy Court on February 28, 1997, and an Order was issued by the Bankruptcy Court on April 1, 1997 ruling that the claims filed by the I.R.S. be treated as priority claims pursuant to 11 U.S.C. § 726(a)(1).
11 U.S.C. § 726(a)
The order in which the assets of a Chapter 7 bankruptcy estate are distributed to unsecured creditors is governed by § 726(a) of the Bankruptcy Code. Section 726(a), as applicable to this case provides:
(a) Except as provided in section 510 of this title, property of the estate shall be distributed
(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection,
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph 2(c) of this subsection.
Section 507 lists, among others, claims filed by the I.R.S. as “priority” claims.
Although the Fourth Circuit has yet to rule on whether a claim filed by the I.R.S. after the bar date should be accorded first tier or third tier status, several other Circuits have addressed the issue. The Second, Ninth, and Eleventh Circuits have allowed the I.R.S. to retain its first tier status, even when claims are filed after the bar date. In re Vecchio, 20 F.3d 555 (2d Cir.1994); In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir.1994); In re Davis, 81 F.3d 134 (11th Cir.1996).
Although the Fifth and Sixth Circuits seem to have allowed only third tier status to such claims, In re Waindel, 65 F.3d 1307 (5th Cir.1995); In re Burnham, Connolly, Oesterle and Henry, 1996 U.S.App. Lexus 26634 (6th Cir.1996), these cases do not represent a *176 true circuit split on the issue. The Fifth Circuit’s holding that a late filed claim by the I.R.S. must lose its priority status is not on point, as Waindel addressed a Chapter 13 bankruptcy proceeding, and § 726 does not apply to Chapter 13 bankruptcies. 11 U.S.C. § 103(b); Waindel, 65 F.3d at 1312-13 (Duhe, J. concurring). The Sixth Circuit’s unpublished opinion in Burnham is inconsistent with an earlier, published Sixth Circuit case, which holds that a creditor’s late filed claim was to retain first tier status. In re Century Boat Co., 986 F.2d 154 (6th Cir. 1993).
Analysis
Any analysis of a statute must begin with the language of the statute. When the language is clear, the analysis must also end there. U.S. v. Ron Pair Enterps., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Although at first blush, the language of 11 U.S.C. § 726(a) does not appear to be clear, a close reading of the statute provides otherwise. Section 726(a)(1) states clearly that property shall be distributed “first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title.” 11 U.S.C. § 507(a)(7) provides that any “allowed unsecured claims of governmental units,” including the I.R.S., will be accorded priority status.
Section 726(a)(2) provides that any allowable claims which do not fall under (a)(1), (a)(3), or (a)(4), and are filed timely under § 501, will be accorded second tier status. Section 726(a)(3) provides that any allowable claim which is filed tardily under § 501 will be accorded third tier status.
It is clear from reading paragraphs (a)(2) and (a)(3) that Congress intended to create a scheme to differentiate between those claims which are filed timely and those which are not. It is also clear'that Congress did not intend the claims which are governed by paragraph (a)(1), specifically those claims listed in § 507, to be included in that scheme. Neither paragraph (a)(1) nor § 507 contemplates a distinction between timely filed and tardily filed claims among the categories of claims which they govern.
Although this Court must apply § 726(a) as it read in 1990 to the facts of this case, it is nevertheless instructive that in order to clarify this point, Congress amended § 726(a)(1) in 1994 to read:
(a) Except as provided in section 510 of this title, property of the estate shall be distributed
(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section.
Conclusion
The Court finds that 11 U.S.C. § 726(a) requires a claim filed by the I.R.S. in a Chapter 7 bankruptcy to be accorded first tier distribution status pursuant to paragraph (a)(1), rather than third tier status pursuant to paragraph (a)(3). Therefore, the Court will affirm the holding of the Bankruptcy Court.
NOW, THEREFORE, IT IS ORDERED that the decision of the Bankruptcy Court be AFFIRMED in its entirety.