**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LANGDON M. COOPER,
Trustee-Appellant,

v.

INTERNAL REVENUE,

No. 97-2630

Creditor-Appellee,

and

LINDA W. SIMPSON,
Creditor.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-97-180-3-P, BK-90-31936)

Argued: December 1, 1998

Decided: February 10, 1999

Before MURNAGHAN, LUTTIG, and KING,* Circuit Judges.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion,
which Judge Murnaghan joined.

_____

*Judge King has recused himself. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

**ARGUED:** Stephen Andrew Jurs, ALALA, MULLEN, HOLLAND & COOPER, P.A., Gastonia, North Carolina, for Appellant. Donald Bruce Tobin, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Langdon M. Cooper, ALALA, MULLEN, HOLLAND & COOPER, P.A., Gastonia, North Carolina, for Appellant. Loretta C. Argrett, Assistant Attorney General, Mark T. Calloway, United States Attorney, Gary D. Gray, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

In this case we are presented with the question of the priority to be accorded an untimely unsecured "priority" claim under the pre-1994 version of section 726(a) of the Bankruptcy Code. Having determined that the district court properly classified such a claim as one under section 726(a)(1), we affirm the judgment of the district court in favor of appellee, the Internal Revenue Service.

I.

Bulldog Trucking, Inc., is in the midst of liquidation under Chapter 7 of the Bankruptcy Code. The company filed for reorganization under Chapter 11 in 1990, but its case was converted to Chapter 7 in 1991. The IRS has asserted against Bulldog three "priority" unsecured claims under 11 U.S.C. § 507(a)(7) (since renumbered as (a)(8)) for unpaid taxes. One of the IRS' claims was timely filed; two were not. Over the objections of appellant Langdon Cooper, trustee for Bulldog, both the bankruptcy court and the district court held that 11 U.S.C. § 726(a)(1), rather than § 726(a)(3), governs all three of these claims, regardless of tardiness. The effect of this holding is that an untimely priority claim takes precedence over a timely "general" claim in the order of payment, even where the priority creditor, here the IRS, had notice of the bankruptcy proceeding.

2

II.

Section 726(a) of the Bankruptcy Code establishes a hierarchy for payment of unsecured claims in a Chapter 7 bankruptcy liquidation. The order of payment is usually straightforward: first, priority claims; second, timely general claims and untimely general claims when the creditor lacked notice of the case; third, other untimely claims; fourth, any claim for a penalty (whether secured or unsecured).

The problem we address today arises when a claim is priority and untimely, because the plain language of the statute appears to include such a claim both as a "priority" claim and as an "other untimely claim." The version of section 726(a) applicable in this case provides as follows:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed--
>
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
>
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--
>
> (A) timely filed under section 501(a) of this title;
>
> (B) timely filed under section 501(b) or 501(c) of this title; or
>
> (C) tardily filed under section 501(a) of this title, if--
>
> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of <u>any allowed unsecured claim proof of which is tardily filed</u> under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture. . . .

11 U.S.C. § 726(a) (emphasis added). The two untimely IRS claims at issue are not only "of the kind specified in .. . section 507 of this title," in particular section 507(a)(7), but also"allowed unsecured claim[s] proof of which [are] tardily filed." Thus, at first blush, both subsections (a)(1) and (a)(3) cover the claims.

We agree with the Second, Ninth, and Eleventh Circuits that in such a case section 726(a)(1) controls. <u>See In re Vecchio</u>, 20 F.3d 555 (2d Cir. 1994); <u>In re Pacific Atlantic Trading Co.</u>, 33 F.3d 1064 (9th Cir. 1994); <u>In re Davis</u>, 81 F.3d 134 (11th Cir. 1996) (<u>per curiam</u>). <u>See also United States</u> v. <u>Cardinal Mine Supply, Inc.</u>, 916 F.2d 1087, 1091 (6th Cir. 1990) ("Subsection (a)(1) . . . makes no distinction between tardily filed and timely filed priority claims or between tardily filed claims where the priority creditor had notice or had no notice. . . . Since [the priority of "priority" claims for taxes] is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed").**1**  In particular, we adopt as our own

_____

**1** The Sixth Circuit has since fallen into a bit of disarray on this question. In <u>In re Century Boat Co.</u>, 986 F.2d 154, 158 (6th Cir. 1993), it stated that the broad language of <u>Cardinal Mine Supply</u> applied only to tardy priority creditors who lacked notice. Notwithstanding that interpretation, it allowed the IRS to bring a claim under section 726(a)(1) two years after it had received notice, because the court found no "bad faith or unreasonable delay." Subsequently, the Sixth Circuit agreed with <u>In the Matter of Waindel</u>, 65 F.3d 1307 (5th Cir. 1995), that a tardy claim does not fall into section 726(a)(1), but it did not agree completely, and it did so in an unpublished decision. <u>In the Matter of Burnham, Connolly, Oesterle, and Henry</u>, 1996 WL 580475 (6th Cir.). The court there rele-

4

the Second Circuit's thorough discussion of this issue in In re Vecchio. See 20 F.3d at 557-60.

We acknowledge that the Fifth Circuit expressed a contrary view in In the Matter of Waindel, 65 F.3d 1307 (5th Cir. 1995), a case decided subsequent to both Vecchio and Pacific Atlantic Trading.**2** The chief argument that the Fifth Circuit offered in support of its interpretation was that to allow tardy priority claims to be classified under section 726(a)(1) would "unwittingly emasculate[ ]" 11 U.S.C. § 501(c), through their "heavy impact on a case." 65 F.3d at 1311. Or, as Trustee Cooper argues, it would allow irresponsible priority creditors to "swoop in" and wreak havoc with a delicately negotiated payment scheme. Section 501(c) allows the trustee or debtor to file a proof of a creditor's claim if the creditor fails to do so within the time limit. The purpose of this section, according to the court in Waindel, is "to allow debtors to complete the list of claims against the estate in a timely fashion and to ascertain the basis for and amounts of creditors' distribution. The particular object of this salutary provision was untimely priority claims. . . ." 65 F.3d at 1311.

We believe that the court in Waindel mixed apples with oranges when it invoked section 501(c) to justify its interpretation of section 726(a). Section 501(c) allows debtors to protect themselves against unfiled claims, such as taxes, that would not be discharged by the bankruptcy proceeding, see 11 U.S.C. § 523(a)(1). By filing the claim on his own, the debtor can have the assets of the bankruptcy estate

_____

gated the IRS' claim to section 726(a)(3), but, by acknowledging that it would categorize a late claim under section 726(a)(1) if the creditor lacked notice, it introduced a distinction between kinds of tardy priority claims that the court in Waindel never contemplated. See Waindel, 65 F.3d at 1311.

**2 Waindel** was a Chapter 13 case, but the majority felt it necessary to interpret section 726(a) because Chapter 13 requires reference to Chapter 7 (of which section 726 is a part) prior to approval of a Chapter 13 plan. See Waindel, 65 F.3d at 1310 & n.7. But see id. at 1313, 1314 n.6 (Duhe, J., concurring in the judgment) (arguing that, under 11 U.S.C. § 103(b), section 726 does not apply to Chapter 13, and confessing to being "not quite sure how the majority reaches its final result").

pay the claim, avoiding payment himself out of his post-bankruptcy assets. See In the Matter of Danielson, 981 F.2d 296, 297 (7th Cir. 1992).

But the debtor or trustee may take advantage of section 501(c) regardless of whether subsection (a)(1) or (a)(3) of section 726 governs a tardy filing by the creditor himself. In fact, if a late-filing priority creditor receives section 726(a)(1) priority, the debtor or trustee should have more incentive to avail himself of section 501(c) than under Waindel's interpretation of section 726(a). Not only will the debtor or trustee want to bring in the creditor as soon as possible to avoid the risk of disruption from tardiness, but he also will have an increased likelihood that the bankruptcy estate will be able to pay the nondischargeable claim. Consigning such a claim to section 726(a)(3) almost guarantees that the estate will be unable to pay the claim, ultimately undermining the purposes of section 501(c), not furthering them as the Fifth Circuit asserted. See Waindel , 65 F.3d at 1310 (noting that "[t]here will hardly ever be surplus funds available" to pay claims under section 726(a)(3)).

To the extent that Congress' amendment to section 726(a)(1) in 1994 is relevant to the prior version of that statute that we interpret today, that amendment, essentially implementing the majority view of the predecessor version, further undermines the policy rationale underlying the Fifth Circuit's contrary interpretation in Waindel. Under the new version of section 726(a)(1), the subsection applies to a tardy priority claim so long as the claim is "filed before the date on which the trustee commences distribution." (Congress did not in 1994 amend section 501(c), or, for that matter, anything in section 501.) This is essentially the same consequence as under the interpretation of the now-superseded version of section 726(a) we adopt today. See Vecchio, 20 F.3d at 506 (acknowledging that under its interpretation of section 726(a) tardy priority creditors would suffer "no penalty," but arguing that a bankruptcy court could "adequately address" any problems by its discretion over whether to enter a disgorgement order "if a priority claim is filed after disbursement" and by principles of equitable subordination under 11 U.S.C. § 510(c), to which section 726(a) explicitly refers). Thus, Congress itself has now considered and rejected the argument that tardy priority claims cannot be classified under section 726(a)(1) lest there be disruption of the entire statu-

6

tory repayment scheme set forth in section 726. The Trustee here has not claimed that disbursement has occurred or that equitable subordination should apply.

Finally, unlike the Trustee, we see no conflict between our interpretation of section 726(a) and our decision in In re Davis, 936 F.2d 771 (4th Cir. 1991). We held in Davis that a debtor who wished to file a claim under section 501(c) on behalf of the IRS could not do so, because the debtor had not demonstrated "excusable neglect," Fed. R. Bankr. P. 9006(b), for failing to file within the time limit of Bankruptcy Rule 3004. Necessary to this holding was the conclusion that a debtor's failure to comply with Rule 3004's deadline generally bars a filing under section 501(c). Such a holding simply does not bear upon the issue in this case, which is priority under section 726(a) when the creditor files tardily. Bankruptcy Rule 3002, not 3004, governs whether such a filing is timely.

We did say in Davis that a tardy creditor is "barred from filing such a claim, whether or not there was a good reason for the failure to timely file." 936 F.2d at 773. This observation, however, was not only dicta but was also contrary to sections 726(a)(2)(C) and (a)(3), both of which do allow certain untimely claims. Indeed, the court in Davis did not even cite section 726(a), and every court to interpret the issue we now face has forcefully rejected the argument that an untimely filing by a priority creditor bars that creditor's claim altogether. See, e.g., Waindel, 65 F.3d at 1309 ("[T]o the extent that Rule 3002(a) declares every untimely filed claim to be disallowed, the Rule impermissibly conflicts with the Code."). Not even the Trustee seriously argues that the IRS' claim here should be barred; rather, he argues only that we should relegate such a claim to section 726(a)(3). In such a circumstance, Davis simply has no applicability.

Accordingly, for the reasons stated both in this opinion and by the Second Circuit in Vecchio, the judgment of the district court is affirmed.

AFFIRMED