O’SCANNLAIN, Circuit Judge:
We must decide whether the doctrine of equitable tolling can be applied to the 180-day deadline for the Internal Revenue Service to file a proof of claim against a taxpayer in bankruptcy proceedings.
I
On September 10, 1996 (day 0),[1] Charles and Opal Gardenhire (“the Gardenhires”) filed in the Bankruptcy Court for the Central District of California a petition for relief under Chapter 13 of the Bankruptcy Code. On September 24, 1996, the Garde-nhires filed a Chapter 13 plan proposing to make payments of $1,333.33 per month for 36 months ($47,999.88), for ultimate disbursement to the Internal Revenue Service (IRS), their primary creditor. Only one other creditor, a credit card issuer, filed a proof of claim in the Gardenhires’ case, an unsecured claim for $2,281.90.
Due to a clerical error by the office of the Chapter 13 trustee (relating to miscal-endaring), a hearing to confirm the Garde-nhires’ plan was held on November 21, 1996, even though the Gardenhires had not been given notice to appear on that date. Because neither the Gardenhires nor their counsel appeared at the hearing, their case was dismissed on December 2, 1996 (day 83). Notice of the order of dismissal was sent to all parties, including the IRS, on December 5, 1996 (day 85).
When the Chapter 13 trustee received notice of the dismissal order, she moved to vacate the order of dismissal and reinstate the case, explaining to the court the clerical error committed by her office. The motion was granted by order entered February 19, 1997 (day 162), 79 days after dismissal of the case. Notice of the order was mailed on February 22, 1997, and the IRS received notice of the reinstatement on February 24, 1997 (day 167). The IRS’s proof of claim in the Gardenhires’ case was executed on March 12, 1997 (day 183). On March 20, 1997 (day 191), the IRS proof of claim was filed.[2] It consisted of a general, unsecured claim in the amount of $50,225.19, for unpaid federal income taxes assessed against the Gardenhires in 1991 for the calendar years 1981 through 1984.
On March 19, 1997, after the IRS proof of claim was executed but before it was filed, the Gardenhires objected to the IRS claim as untimely.[3] The IRS argued that its proof of claim was timely on the theory *1147 that the 180-day filing period was suspended for 79 days, the amount of time that elapsed between the erroneous dismissal and subsequent reinstatement of the Gardenhires’ case.
The bankruptcy court overruled the Gardenhires’ objection to the claim without explanation. The Bankruptcy Appellate Panel (BAP) affirmed in a published opinion, holding that the 180-day period that the IRS had under 11 U.S.C. § 502(b)(9) for filing its proof of claim was “equitably tolled” for 11 days — the amount of time between expiration of the 180-day period on March 9, 1997, and filing of the IRS’s proof of claim on March 20, 1997. In re Gardenhire, 220 B.R. 376, 385 (9th Cir. BAP 1998). Under this analysis, proof of the IRS claim was timely filed even though it was not filed until 191 days after filing of the Gardenhires’ petition.
The Gardenhires timely appeal the BAP decision.[4]
II
The issue presented by this case is whether the doctrine of equitable tolling doctrine can be applied to Bankruptcy Code § 502(b)(9)’s 180-day period for governmental units to file proofs of claim, even though the statutory framework explicitly provides for a 180-day filing period and forbids retroactive enlargement of that time.
A
Our analysis begins, as it must, with a survey of the framework established by the Bankruptcy Code and Rules. One Bankruptcy Code provision, 11 U.S.C. § 502(b)(9), and two Bankruptcy Rules, Rules 3002(c)(1) and 9006(b)(3), lie at the heart of this case.[5] Under § 502(b)(9), a government agency’s proof of claim is timely filed if it is filed within 180 days of the filing of the bankruptcy petition “or such later time as the Federal Rules of Bankruptcy Procedure may provide.” Timely filing of a proof of claim is important because under § 502, a creditor’s claim will be disallowed, if an objection to the claim is made and if proof of the claim is not timely filed.[6] As the BAP correctly observed, disallowance of a claim can have serious consequences. “In Chapter 13 cases, disallowance under § 502(b)(9) is often fatal to the claim because (with stated exceptions) the primary Chapter 13 discharge encompasses all debts disallowed under § 502.” 220 B.R. at 381.
Section 502(b)(9), in providing that the time for a governmental unit to file its proof of claim shall be either 180 days “or such later time as the Federal Rules of Bankruptcy Procedure may provide,” requires reference to the Bankruptcy Rules. Bankruptcy Rule 3002(c)(1) implements § 502(b)(9), providing that in cases under Chapter 7, 12, and 13 of the Bankruptcy Code, the government’s proof of claim must be filed “no later than 180 days after • the date of the order for relief’ in order to be deemed timely. Rule 3002(c)(1) thus reinforces the 180-day period provided for by the statute. Rule 3002(c)(1) also implements the “such later time” language of § 502(b)(9), however, by allowing the bankruptcy court to extend the time for filing a proof of claim if three specific conditions are met: (1) the government moves for an extension, (2) the motion itself is filed before expiration of the 180-day period, and (3) cause for extension is shown.
Finally, Rule 9006(b)(3) provides additional reinforcement for the 180-day *1148 period established by § 502(b)(9) and Rule 3002(c)(1). Rule 9006(b) effectively prohibits retroactive enlargement of the 180-day period for filing proofs of claim prescribed by Rule 3002(c)(1), providing that the bankruptcy court “may enlarge the time for taking action under [Rule 3002(c) ] only to the extent and under the conditions stated in [that rule].” Fed. R. Bankr.P. 9006(b)(3) (emphases added). Thus, under the Bankruptcy Code and Rules, (1) the government has a 180-day period in which to file its proof of claim and (2) this period can be expanded prospectively only, through a motion made prior to expiration of the period. As the BAP noted in this case, “Rules 3002(c) and 9006(b) make the statutory minimum of 180 days into a rigid deadline in cases under chapters 7, 12, and 13 unless an extension is requested before the deadline expires.” 220 B.R. at 381 (emphases added).
In sum, the framework created by the interrelationship between § 502(b)(9) and Rules 3002(c)(1) and 9006(b)(3) clearly provides for a 180-day period in which a proof of claim by a governmental unit such as the IRS must be filed in order to be timely. This period is capable of expansion “only” upon motion by the government made prior to expiration of the 180-day period and accompanied by a showing of cause. Fed. R. Bankr.P. 3002(c)(1); Fed. R. Bankr.P. 9006(b)(3).
The Gardenhires argue that the plain meaning of these interrelated provisions must be enforced, and their straightforward, text-based argument possesses considerable force. Close adherence to the text of the relevant statutory provisions and rules is especially appropriate in a highly statutory area such as bankruptcy. As the Supreme Court explained in Rake v. Wade, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), also a case involving interpretation of the Bankruptcy Code in a Chapter 13 proceeding: “Where the statutory language is clear, our ‘sole function ... is to enforce it according to its terms.’ ” Id. at 471, 113 S.Ct. 2187 (citation omitted).[7]
B
Having examined the text and structure of the Bankruptcy Code and Rules, we now turn to analysis of applicable case law. We have on several occasions interpreted the controlling provisions at issue in this case quite strictly, enforcing them “according to [their] terms,” as instructed by the Supreme Court in Rake. Our precedents support the conclusion that a bankruptcy court lacks equitable discretion to enlarge the time to file proofs of claim; rather, it may only enlarge the filing time pursuant to the exceptions set forth in the Bankruptcy Code and Rules.
Our first relevant precedent construing Bankruptcy Rule 3002(c) is In re Tomlan, 907 F.2d 114 (9th Cir.1990) (per curiam), in which we adopted the district court’s opinion in In re Tomlan, 102 B.R. 790 (E.D.Wash.1989). The Tomlan court, in a case presenting facts similar to those presented here, held that the IRS’s proof of claim in a Chapter 13 proceeding was untimely because it was filed five days late.[8] After examining Rule 3002(c), the *1149 court held that “[t]he Bankruptcy Court does not have discretionary authority to enlarge the time after the filing period has expired absent a timely filed motion for such an extension.” Id. at 791 n. 1; see also id. at 795.
In re Coastal Alaska Lines, Inc., 920 F.2d 1428 (9th Cir.1990), decided a few months after Tomlan, is perhaps the precedent with the greatest relevance to the issue presented in this case. Creditor Zi-dell filed a late proof of claim in the Chapter 7 bankruptcy proceeding of Coastal Alaska Airlines, and the trustee objected to the late filing.[9] The bankruptcy court sustained the objection, the district court affirmed, and we affirmed. Zidell argued before the Coastal Alaska court that “the bankruptcy court has equitable discretion, apart from Rule 9006, to grant extensions of time for filing a proof of claim.” Id. at 1431. After carefully examining Bankruptcy Rule 9006(b) and the specific limitations it places upon extending “the time for taking action under [Rule 3002(c) ],” we rejected Zidell’s argument, declaring it “inconsistent with the express limitations imposed by Rule 9006(b)(3) on the bankruptcy court’s discretion to extend time.” Id. at 1432. Stating our agreement with several eases holding that the bankruptcy court lacks the equitable power to modify the filing timetable for proofs of claim, we specifically held that “the bankruptcy court cannot enlarge the time for filing a proof of claim unless one of the six situations listed in Rule 3002(c) exists.” Id. at 1432-33. We closed our discussion of the issue by rejecting several cases holding that the bankruptcy court has equitable discretion to extend the filing time, finding them inconsistent with Rule 3002(c). See id., at 1433. In light of the exceptionally clear holding of Coastal Alaska, it appears difficult to conclude equitable tolling can apply to the 180-day period for governmental units to file proofs of claim pursuant to § 502(b)(9).
Finally, in the fairly recent case of In re Osborne, 76 F.3d 306 (9th Cir.1996), we reaffirmed Tomlan’s holding with respect to the strictness of the timeliness requirements in Chapter 13 cases. In analyzing Bankruptcy Rule 3002(c), we made an important observation: “Although Bankruptcy Rule 3002 is merely a procedural rule, it has the force of law unless it is in direct violation of a specific statutory provision.” Id. at 308 (emphasis added). We then applied Rule 3002(c) to disallow a late-filed claim by the IRS in a Chapter 13 proceeding. In light of the recency of the Osborne decision and the factual similarities between its facts and those presented here, the BAP erred in applying equitable tolling to override the Bankruptcy Rules.
We note, in passing, that other lower courts within this circuit have had little difficulty in following the unbroken line of precedents analyzed above. In In re Robert, 171 B.R. 881 (Bankr.N.D.Cal.1994), for example, the bankruptcy court disallowed portions of an IRS claim as untimely filed in a case presenting facts remarkably similar to those in the case at bar. In Robert, as in this case, a Chapter 13 case of married debtors was dismissed after debtors’ counsel failed to appear at a confirmation hearing but later reinstated. The IRS filed a proof of claim that was late because it was filed after expiration of the 180-day period following the filing of the petition. Based on the dismissal and subsequent *1150 reinstatement of the case, which gave rise to confusion regarding when proofs of claim were due, the IRS attempted to argue that the bankruptcy court had “equitable powers” to permit the late filing. The Robert court firmly rejected this argument: “The court may not extend the deadline of Rule 3002(c) in a Chapter 13 case.... The IRS ignores contrary Ninth Circuit authority on point.” 171 B.R. at 884 (citing Tomlan, 907 F.2d at 114; Coastal Alaska, 920 F.2d at 1432-33).
In a recent case decided after the BAP’s decision here, another BAP panel followed Ninth Circuit precedent and held that “no source of discretion [for enlarging the claims filing period of Rule 3002(c) ] exists — neither equitable jurisdiction, nor § 105, nor anything else — and a source is not created even if a good reason is presented for why a source should exist.” In re Edelman, 237 B.R. 146, 153 (9th Cir. BAP 1999). The BAP therefore affirmed a bankruptcy court order sustaining a Chapter 7 trustee’s timeliness-based objection to a creditor’s claim. Although the equities in favor of a time extension in Edelman were quite attractive (and perhaps more attractive than the equities here) — the creditor’s attorney could not access his office for several days immediately preceding the claims bar date due to an earthquake — the Edelman court held that even though the creditor’s equitable, policy-based arguments “might support a plea for amendment of Rule 3002(c) and/or Rule 9006(b)(3) as to when enlargement [of the claims filing period] should be permitted, ... they are not persuasive when addressed to an appellate panel that is bound by Coastal Alaska.” 237 B.R. at 153.
Brushing aside the on-point precedents discussed above in a single footnote in its brief, the IRS relies upon several cases from within the Ninth Circuit applying equitable tolling doctrines to other provisions of the Bankruptcy Code. In In re United Insurance Management, Inc., 14 F.3d 1380, 1384 (9th Cir.1994), we stated that “equitable tolling may, in proper cases, apply to § 546(a)(1) [regarding the statute of limitations for avoidance proceedings],” but held the doctrine inapplicable on the facts before us. In In re Olsen, 36 F.3d 71 (9th Cir.1994), we applied equitable tolling to § 549(d), holding that the two-year limitation period on the bankruptcy trustee’s action to void a postpetition transfer of estate property was equitably tolled by the petitioner’s conduct. And in In re Gurney, 192 B.R. 529 (9th Cir. BAP 1996), the BAP equitably tolled the priority period of § 507(a) to avoid allowing the debtor to use (or abuse) the bankruptcy process for tax avoidance purposes.
While these cases certainly support equitable tolling as a doctrine, the general support they offer cannot trump the specific difficulties raised for the IRS position by the more relevant precedents of Tom-lan, Coastal Alaska, and Osborne. In addition, we note that Olsen and Gurney involved time periods being equitably tolled based on the deliberate and wrongful conduct of an individual who would reap a windfall in the absence of tolling (and United Insurance spoke in terms of applying the doctrine to prevent fraud). The case at bar, in contrast, involves individuals who stand to benefit from literal application of the law but who engaged in no fraud or other wrongful conduct; it is undisputed that the Gardenhires were not responsible for the erroneous dismissal of their case. Thus the precedents relied upon by the IRS and the BAP at best provide only limited support for application of equitable tolling here.
Our decision that equitable tolling cannot be used to extend the filing period of 11 U.S.C. § 502(b)(9) is supported by the weight of authority from outside the Ninth Circuit. First, no other court of appeals has applied the doctrine of equitable tolling to 11 U.S.C. § 502(b)(9). Indeed, the Seventh Circuit’s recent decision in In re Greenig, 152 F.3d 631 (7th Cir.1998), strongly suggests that it would disapprove of using equitable tolling to excuse noncompliance with the clearly specified time requirements of the Bankruptcy Rules. *1151 The bankruptcy court in Greenig allowed creditor UF to file a late proof of claim in a Chapter 12 case, finding that it was “equitable” to do so in light of certain improper conduct by the debtors. Id. at 633. The Seventh Circuit reversed, holding that because none of the exceptions in Bankruptcy Rule 3002(c) applied to permit late filing, UF’s claim was statutorily precluded: “[Considering that 11 U.S.C. § 502(b)(9) bars untimely proofs of claim where none of the 3002(c) exceptions apply, we hold that UF’s claim is barred.” Id. at 634. The Greenig court noted that although a bankruptcy court has equitable power, it “cannot use its equitable power to circumvent the law.” Id. at 635 (internal quotation marks and citation omitted). The Seventh Circuit concluded that the bankruptcy court “acted improperly in that it allowed UF to circumvent Rule 3002(c) and file an untimely proof of claim because of equitable considerations.” Id.
Second, non-circuit courts outside this circuit have generally adopted fairly strict readings of Bankruptcy Code § 502(b)(9) and Rules 3002(c)(1) and 9006(b)(3). See, e.g., In re Armstrong, 238 B.R. 438, 440 (Bankr.E.D.Ark.1999) (“Rule 3002(c) provides for enlargement [of the period for filing proofs of claim] in very limited circumstances, and, absent a showing under one of the specific exceptions, this Court has no authority to extend the time for filing proofs of claim.”); In re McQueen, 228 B.R. 408, 411 (Bankr.M.D.Tenn.1998) (“[A]s § 502(b)(9) is presently written, the court is without legal or equitable grounds to allow a late filed proof of claim in a chapter 13 case....”); In re Elmont Elec. Co., 206 B.R. 41, 43 (Bankr.E.D.N.Y.1997) (“By the express words of Bankruptcy Rule 9006(b)(3), the Court may not enlarge [the] time period [for fifing proofs of claim].”); In re Forrester, Bankr.No. 91-36637, 1995 WL 499615 at *4 (Bankr. D.N.J. Oct. 3, 1994) (disallowing a láte-filed IRS proof of claim and stating that under the Bankruptcy Rules, “the deadline for a creditor to file a proof of claim in a Chapter 7 liquidation is valid and enforceable; the court lacks the discretion to extend the deadline once it has passed”). But cf. In re Benedict, 90 F.3d 50 (2d Cir.1996) (“[A] bankruptcy court may extend the time for a creditor to file a complaint to determine dischargeability after the Rule 4007(c) time period has expired, if equity so requires.”); Americare Health Group, Inc. v. Melillo, 223 B.R. 70, 75 (E.D.N.Y.1998) (holding that the bankruptcy court in a Chapter 7 case had the “equitable powers” to accept a late-filed objection to discharge where the court had provided filers with incorrect information regarding the deadline for objections). While the number of relevant precedents is limited, the weight of authority favors strict construction of § 502(b)(9) and its implementing rules.[10]
C
Even if the Bankruptcy Code and Rules and our precedents did not foreclose application of equitable tolling to § 502(b)(9), we have doubts as to whether application of the doctrine would have been appropriate under the specific facts of this case.
As noted by the BAP in this case, in order for a party to establish its entitlement to equitable tolling, it must establish that it acted with reasonable diligence in pursuing its claim. See 220 B.R. at 382. Here the BAP found that the IRS was “sufficiently diligent” in fifing its proof of claim because it filed within 24 days of learning of reinstatement of the Gardenhires’ case. Id. at 385. We wonder, however, whether the IRS did in fact act with reasonable diligence in fifing its proof of claim. It appears that the IRS could have complied with the original 180 day period if it had only tried harder. The IRS still had 13 days left in which to file *1152 its proof of claim after being notified that the Gardenhires’ case had been reinstated. While it is certainly true that “it can be more complex for a governmental unit than a private party to identify and quantify a claim,” id. at 384, filing a proof of claim is not the most difficult of tasks. See In re Edelman, 237 B.R. 146, 154 n. 8 (“[A] proof of claim need not be ‘formal’ and minimal information is required, subject to later amendment as may be necessary.”). As the Edelman court stated, “Creditor does not explain how [inability to access his law offices because of an earthquake] prevented [Creditor’s attorney] White from going to the Bankruptcy Court on January 18 and filing a piece of paper stating that Debtor owed Creditor some amount of money (e.g., ‘$1 or more’) for services rendered.” Id. at 153.[11]
Ill
In addition to arguing for equitable tolling, the IRS contends, in the alternative, that “as [a] matter of law, dismissal of the case caused the 180-day period for filing proofs of claim by governmental units ... to stop running” for the 79 days after the erroneous dismissal and prior to the restatement.
This argument has a certain intuitive appeal, insofar as it may make sense as a matter of policy. The difficulty for the IRS’s contention, however, is that it is unsupported by applicable law. As previously discussed, § 502(b)(9) and Rule 3002 provide for a period for filing proofs of claim of “180 days after the date of the order for relief,” and this language means just what it says. A 180-day period is a 180-day period. Although the IRS argues that such a “plain meaning” interpretation of § 502(b)(9) could lead to an “anomalous” result, it cannot be denied that this is an anomalous ease with a highly unusual procedural posture.
The IRS claims that 11 U.S.C. § 349, regarding the effect of dismissals, supports its “time out” argument, insofar as it “restore[s] the parties to their prebankruptcy positions.” We do not read § 349 as loosely as the IRS does. Although § 349 generally works to restore the parties to their pre-bankruptcy positions, it does so in very specific ways. Section 349 refers to the specific Code provisions affected by dismissal, and § 502(b)(9) is not among them. In other words, Congress clearly knew how to provide for the effect of a dismissal, and it did not do so in the § 502(b)(9) context. While tolling in a situation like this one might make sense as a policy matter, this a decision left up to Congress. As judges, of course, we must apply statutes as written, not as they should have been written with the benefit of hindsight. The BAP properly rejected the IRS’s argument that the 180-day period was tolled during the period between the dismissal and reinstatement of the Gardenhires’ case.
IV
We conclude that application of equitable tolling to the 180-day period for governmental units to file proofs of claim pursuant to § 502(b)(9) of the Bankruptcy Code is inconsistent with the plain meaning of the Bankruptcy Code and Rules, applicable Ninth Circuit precedent, and the weight of authority from other jurisdictions. Equitable tolling cannot be applied to extend the filing period of § 502(b)(9), and it was error for the BAP to hold otherwise.
REVERSED and REMANDED.

. The amount of time elapsed since the filing of the Gárdenhires' Chapter 13 petition is indicated parenthetically. It is this amount of time that determines whether a proof of claim has been timely filed. See Fed. R. Bankr.P. 3002(c)(1).

. The IRS proof of claim was stamped as filed on March 20, 1997, at 7:50 AM. The Garde-nhires argue that the 7:50 AM time on the stamp suggests that the IRS has unrestricted and improper access to the bankruptcy filing room, which is open to the public from 9:00 AM to 4:00 PM daily. This contention lacks relevance; the exact time of day when the IRS proof of claim was filed has no effect upon disposition of this case.

. The Gardenhires also objected on other grounds, arguing that (1) the IRS failed to credit prepetition payments made by them and (2) the underlying 1991 tax assessments for back taxes were untimely. The IRS responded by noting that all prepetition payments made by the Gardenhires were taken into account before the filing of the proof of claim and that the Gardenhires offered no evidence establishing that the tax assessments were untimely. The Bankruptcy Appellate Panel (BAP) construed the bankruptcy court’s order overruling the Gardenhires' objection as "limited to a rejection that the proof of claim was untimely filed,” noting that the other two issues raised by the Gardenhires were either not resolved or were resolved without prejudice. We adopt the BAP's construction of the order.

.Prior to their appeal to the Ninth Circuit, the Gardenhires' Chapter 13 plan was confirmed, dispelling any doubts regarding finality for purposes of our appellate jurisdiction under 28 U.S.C. § 158(d). We review the BAP's decision de novo. See In re Gergely, 110 F.3d 1448, 1450 (9th Cir.1997).

. Subsequent references to statutory sections or procedural rules refer to the Bankruptcy Code (11 U.S.C.) and the Federal Rules of Bankruptcy Procedure, respectively.

. In Chapter 7 proceedings, tardy claims may be allowed pursuant to § 726(a). The case at bar, however, involves a proceeding under Chapter 13.

. The IRS, recognizing that the clear language of the Code and Rules does not support its position, relies upon case law for the proposition that "plain language” analysis “is not always the final word in construing the Bankruptcy Code.” As support for this proposition, the IRS cites a single case, In re. West, 5 F.3d 423 (9th Cir.1993). In West, we declined to interpret § 108(c) literally because doing so "would frustrate the Bankruptcy Code’s intricate scheme for the payment of tax claims.” Id. at 425-27. The case at bar is distinguishable from West, however, because there is no evidence that literal interpretation of § 502(b)(9) and Bankruptcy Rules 3002(c)(1) and 9006(b)(3) would "frustrate” any "intricate scheme” of the Bankruptcy Code. If anything, failing to apply the relevant provisions literally would’ "frustrate the Bankruptcy Code’s intricate scheme” for determining whether a proof of claim has been timely filed.

. When Tomlan was decided, governmental units had only 90 days in which to file their proofs of claim. See 102 B.R. at 791 n. 1. As part of the Bankruptcy Reform Act of 1994, *1149 Pub.L. No. 103-394, 108 Slat. 4106 (1995), Congress increased this filing period to 180 days. The principle that the Code and Rules leave no room for equitable tinkering with the time limits remains valid after 1994, however, because the 1994 amendments did not otherwise change the relevant statutory language. Thus Tomlan, as well as Coastal Alaska and Osborne, discussed infra, remain good law with respect to whether the time limits of the Bankruptcy Code and Rules can be equitably altered by the bankruptcy court. The length of the filing period does not affect whether a bankruptcy court can equitably toll that period.

. Although Coastal Alaska involved a Chapter 7 proceeding rather than a Chapter 13 proceeding, the Code provisions and Bankruptcy Rules controlling the timeliness of filing proofs of claim are the same under both chapters.

. Although several of the cases cited above involved Chapter 7 or 12 proceedings rather than Chapter 13 proceedings, the difference is not significant insofar as § 502 and Bankruptcy Rules 3002 and 9006 apply to “a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual’s debt adjustment case.” Fed. R. Bankr. 3002(c).

. In addition, we take note of the time-honored maxim that ''[h]e who seeks equity must do equity.” McQuiddy v. Ware, 87 U.S. (20 Wall.) 14, 19, 22 L.Ed. 311 (1873). At oral argument, we asked the IRS to provide us with examples of cases in which it practiced equity in favor of the taxpayer. The IRS was unable to provide us with any such examples at oral argument; in a post-argument letter, it cited cases in which courts, rather than the IRS, practiced equity in favor of the taxpayer.