In re Charles **GARDENHIRE** and Opal Gardenhire, Debtors.

Charles **GARDENHIRE** and Opal Gardenhire, Appellants,

v.

**INTERNAL REVENUE SERVICE,** Edwina E. Dowell, Chapter 13 Trustee, Appellees.

BAP No. CC–97–1470–KJH. Bankruptcy No. LA 96–39748 AA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 18, 1998.

Decided April 23, 1998.

Charles Gardenhire, Opal Gardenhire, Cerritos, CA, Pro se.

Robert N. Kwan, Assistant U.S. Attorney, Los Angeles, CA, for Internal Revenue Service.

Before: KLEIN,[1] JONES and HAGAN, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The central issue is whether the doctrine of equitable tolling applies to Bankruptcy Code § 502(b)(9)'s 180–day period for governmental units to file proofs of claim notwithstanding that Federal Rule of Bankruptcy Procedure 3002(c)(1) forbids retroactive enlargements of that time.

We conclude that equitable tolling does apply to the proofs of claim governed by Bankruptcy Code § 502(b)(9) notwithstanding Rule 3002(c)(1) and conclude that equitable tolling is appropriately applied in this case where the United States filed a proof of claim 191 days after the order for relief in a case that had been dismissed on the 83rd day and reinstated on the 162nd day.

The bankruptcy court's order overruling the debtors' objection that the claim of the United States was untimely filed is AFFIRMED.

### Jurisdiction

Original subject-matter jurisdiction was founded on 28 U.S.C. § 1334(b). The objection to claim was a "core proceeding" that the bankruptcy court was empowered to hear and determine. 28 U.S.C. § 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

### Standard of Review

Conclusions of law are reviewed de novo, while findings of fact are reviewed for clear error. *Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 308 (9th Cir.1996). The allowance or disallowance of a claim on the ground that the proof of claim was not timely filed is a

question of law. *United States Internal Revenue Service v. Osborne (In re Osborne)*, 76 F.3d 306 (9th Cir.1996).

### Facts

The debtors filed their chapter 13 case on September 10, 1996 (day 0) in the belief that on September 3, 1996, the United States Internal Revenue Service ("IRS") had filed a Notice of Federal Tax Lien in the amount of $39,161.96 for unpaid personal income taxes assessed in 1991 with respect to calendar years 1981–1984.

There is only one other creditor who has filed a proof of claim, a credit card issuer with a $2,281.90 unsecured claim.

The Notice of Federal Tax Lien was not actually recorded until September 17, 1996, and was subsequently voluntarily withdrawn by the IRS in light of the intervening bankruptcy filing.

The debtors filed a chapter 13 plan proposing to pay disposable income of $1,333.33 per month for 36 months ($47,999.88), all of which was to be designated for the IRS.

The case was dismissed on December 2 (day 83) as a result of a clerical error by the chapter 13 trustee that was not attributable to the debtors.

No chapter 13 plan had been confirmed as of the time of dismissal.

Notice of the dismissal was sent to all creditors on December 5 (day 85), whereupon the IRS ceased preparing its proof of claim. The IRS had no reason to believe the dismissal was a mistake.

The chapter 13 trustee made a motion to vacate the order of dismissal and reinstate the case, which motion was granted by order entered February 19, 1997 (day 162), notice of which was mailed on February 22 (day 165). The IRS received notice of the order on February 24 (day 167). The hearing on confirmation of the chapter 13 plan was set for March 20.

Upon learning of the reinstatement of the bankruptcy case, the IRS resumed work on

---

1. Honorable Christopher M. Klein, Bankruptcy Judge for the Eastern District of California, sitting by designation.

its proof of claim, which was executed on March 12 (day 183). The claim is for $50,-225.19 as an unsecured, nonpriority claim. The proof of claim was actually filed on March 20 (day 191).

The confirmation hearing scheduled for March 20 does not appear to have resulted in confirmation of the plan. No order confirming the plan was entered on docket as of October 20, 1997.

### Procedural History

The debtors objected to the IRS claim. They contended that there was no timely filed claim, that the IRS did not credit prepetition payments, and that, in any event, no tax is owed. Shortly before the scheduled hearing on the objection on May 29, 1997, it was revealed that the debtors' theory for why no tax was owed is that the assessments in 1991 were untimely.

At the May 29 hearing, counsel for the IRS responded that no evidence had been proffered regarding prepetition payments, that time was needed to obtain old audit files in order to meet the new assertion that assessments were untimely, and that the proof of claim had been filed on March 20, 1997.

The bankruptcy court did not entertain further argument from the debtors and overruled the objection to claim without explaining its ruling.[2]

This appeal ensued.

### Discussion

#### I

At the threshold, a procedural problem presents itself. The bankruptcy court did not make findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, which rule applies to claim objections by virtue of Federal Rules of Bankruptcy Procedure 7052 and 9014.

■ The absence of findings may warrant a remand on the basis that the appellate court has not been provided with an adequate record for review. 9 MOORE'S FEDERAL PRACTICE 3D, at 52–12, § 52.02[1] (1997); 9A CHARLES A. WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2577 (1995).

■ The appellate court may, however, proceed to review the trial court's order if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings. *Vance v. American Hawaii Cruises, Inc.,* 789 F.2d 790, 792 (9th Cir. 1986); *Magna Weld Sales Co. v. Magna Alloys & Research Pty.,* 545 F.2d 668, 671 (9th Cir.1976); 9 MOORE'S at 52–33; § 52.12[2]; 9A WRIGHT & MILLER § 2577. This is such a case.

We construe the bankruptcy court's order to be limited to a rejection of the contention that the proof of claim was untimely filed.[3]

The facts regarding the filing of the IRS proof of claim are not in dispute and are sufficiently clear to permit review. A full understanding of the issues may be had without the aid of separate findings. *United States v. California Mobile Home Park Mgt. Co.,* 107 F.3d 1374 (9th Cir.1997). Hence, remand for basic findings is unnecessary.

#### II

The key question is whether the equitable tolling doctrine can be applied to the statutory 180–day minimum time for filing of proofs of claim by governmental units.

---

**2.** The hearing ended as follows:

    Asst. U.S. Atty Kwan: I checked the computer system for the Court for this case and looked at the claims docket, and a claim was filed on March 20th, 1997.

    The Court: Yes. So I'm going to deny this objection and ask you to prepare the appropriate order, Mr. Kwan.

    Asst. U.S. Atty Kwan: Thank you, your Honor. Excerpts of Record at 73, (Transcript of May 29, 1997, page 3).

**3.** The other two issues were either not resolved or were resolved without prejudice. The issue regarding whether the taxes were timely assessed was plainly not ripe for decision (the IRS stating that files needed to be retrieved from elsewhere to respond) and was not resolved. The question whether payments were correctly credited was rejected for lack of evidence of prior payments, but the context suggests that the debtors can address that matter in the future if they produce evidence of payments.

The problem arises because of a singular rigidity in the Federal Rules of Bankruptcy Procedure ("Rules") that has made the 180–day statutory minimum into the maximum time in the circumstances of this case.

## A

We start with the statute—Bankruptcy Code § 502(b)(9)—which mandates that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9).

Although the statute contemplates that 180 days is a minimum time and implies flexibility, the Rules fix 180 days as a deadline that can be inflexible.

## B

The Rules have implemented the "such later time" clause of § 509(b)(9) in a manner that precludes retroactive extension upon showing cause plus excusable neglect.

Rule 3002(c)(1) permits a period longer than 180 days in cases under chapters 7, 12, and 13 only upon a showing of cause in a motion that is actually made before the deadline. Fed. R. Bankr.P. 3002(c)(1).[4]

Rule 9006(b), in a departure from standard federal procedure, forbids retroactive enlargements of the 180–day deadline prescribed by Rule 3002(c)(1). The consequence is that the Rules have ruled out "excusable neglect" as a reason to relax the deadline.[5]

Taken together, Rules 3002(c) and 9006(b) make the statutory minimum of 180 days into a rigid deadline in cases under chapters 7, 12, and 13 unless an extension is requested before the deadline expires.

---

4. The rule provides:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.
Fed.R.Bankr.P. 3002(c).

5. Rule 9006(b)(3) provides in pertinent part:

(3) Enlargement Limited. The court may enlarge the time for taking action under Rule . . .

## C

A deadline for filing a proof of claim is closely analogous to a statute of limitations.

A claim is not allowed if not timely filed (except to the extent tardy claims are permitted by Bankruptcy Code § 726(a) or by the Rules). 11 U.S.C. § 502(b)(9).

In chapter 13 cases, disallowance under § 502(b)(9) is often fatal to the claim because (with stated exceptions) the primary chapter 13 discharge encompasses all debts disallowed under § 502. 11 U.S.C. § 1328(a).

The deadline, like a statute of limitations, promotes goals of prompt enforcement of substantive law, of minimizing deterioration of evidence, of cultural values of diligence, and of repose. *See generally* Tyler T. Ochoa & Andrew J. Wistrich, *The Puzzling Purposes of Statutes of Limitation*, 28 PAC. L.J. 453 (1997) (cataloguing policies).

Since the elapse of the 180 days under § 502(b)(9) during which a claim by a governmental unit is timely can have the same result as the expiration of a limitations period, it should be analyzed in the same fashion.

## D

The Rules' elimination of the "excusable neglect" standard as a method of *extending* the 180–day deadline does not exclude the application of generally applicable *tolling* doctrines of equity that stop the running of a statute of limitations. Such tolling doctrines, which include equitable estoppel and equitable tolling, are beyond the scope of the Rules.

3002(c) . . . only to the extent and under the conditions stated in those rules. Fed.R.Bankr.P. 9006(b)(3).

Rule 9006(b)(3) makes inapplicable Rule 9006(b)(1), which permits retroactive extensions upon a showing of excusable neglect. The latter rule does apply to the deadline for proofs of claim in cases under chapters 9 and 11, which are governed by Rule 3003. Fed.R.Bankr.P. 3003 & 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (meaning of "excusable neglect" under Rule 9006(b)(1)).

### 1

██ Equitable estoppel and equitable tolling are, as a general rule, "read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71 (9th Cir.1994) (equitable tolling applies to 11 U.S.C. § 549(d)); *Ernst & Young v. Matsumoto (In re United Ins. Management, Inc.)*, 14 F.3d 1380, 1384–85 (9th Cir.1994) (same, 11 U.S.C. § 546(a)); *Gurney v. Arizona Dept. of Revenue*, 192 B.R. 529, 538–39 (9th Cir. BAP 1996) (same, 11 U.S.C. § 507(a)). As noted in *Gurney*, "the federal courts are never powerless to equitably toll the limitations period to prevent injustice unless Congress expressly provides otherwise."

The leading statement in federal jurisprudence of the precise distinctions between equitable estoppel and equitable tolling and of their exceptions is the Seventh Circuit's decision in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir.1990), *cert. denied*, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991), *cited with approval*, *United States v. Ibarra*, 502 U.S. 1, 4 n. 1, 112 S.Ct. 4, 5 n. 1, 116 L.Ed.2d 1 (1991).

██ Equitable estoppel and equitable tolling, which are often both described by the ambiguous generic terms "tolling" or "equitable tolling," are distinct doctrines that are often confused with each other. These "tolling" doctrines of equity are, in turn, often confused with the discovery or "accrual" rule, which relates to when a limitations period "accrues," i.e. begins to run. *Cada*, at 450–51.

Our focus is on two distinct tolling doctrines of equity jurisprudence, *equitable tolling* and *equitable estoppel*, which doctrines apply to stop a limitations period from continuing to run after it has already begun to run.[6]

██ *Equitable tolling* permits one to avoid a bar of a statute of limitations when, despite all due diligence, vital information relating to the ability to pursue the claim cannot be obtained. *Holmberg*, 327 U.S. at 397, 66 S.Ct. at 585; *Cada*, 920 F.2d at 451. *Equitable tolling* does not require any conduct by the other party. *Holmberg*, 327 U.S. at 397, 66 S.Ct. at 585; *Cada*, 920 F.2d at 452. All one need show is that by the exercise of reasonable diligence the proponent of tolling could not have discovered essential information bearing on the claim. *United Ins. Management*, 14 F.3d at 1386; *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 344 (9th Cir.1993); *Cada*, 920 F.2d at 449.

██ *Equitable estoppel* applies against a party who has taken active steps to prevent an opponent from acting in time to protect a claim. *Holmberg*, 327 U.S. at 396–97, 66 S.Ct. at 584–85; *Cada*, 920 F.2d at 450–51. It includes fraudulent concealments that occur after the date of accrual.

██ And there are exceptions to applying the tolling doctrines of equity. They do not apply to statutes of repose, the purpose of which is to fix an outer limit after which nobody can sue in any circumstances. *Cada*, 920 F.2d at 451. They do not apply to jurisdictional statutes of limitations. *Id.*, 920 F.2d at 451–52. And they do not apply when such application would be fundamentally inconsistent with the statutory scheme in question. *Lampf, Pleva, Lipkind, et al. v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Gurney*, 192 B.R. at 538–39.

### 2

The question becomes whether the tolling doctrines of equity, *equitable tolling* and *equitable estoppel*, as a matter of law, can be applied to § 502(b)(9).

This requires us to consider whether application of such equitable doctrines to § 502(b)(9) would be "fundamentally inconsistent" with the statutory scheme. *Lampf, Pleva, Lipkind, et al. v. Gilbertson*, 501 U.S.

---

6. We use the convenient shorthand "tolling doctrines of equity" to refer to *equitable tolling* and *equitable estoppel* even though there are other tolling doctrines (e.g. incapacity), none of which we consider, that may also be in the same category.

350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (equitable tolling "fundamentally inconsistent with the 1–and–3–year structure" of § 13 of the Securities Act of 1933 in which 3 years is period of repose).

In assessing "fundamental inconsistency" we consider whether tolling would effectuate the policies underlying the statute and the purposes underlying the limitations period. *Gurney*, 192 B.R. at 538.

■ Preliminarily, bankruptcy courts have broad equitable power to act in a manner not inconsistent with the Bankruptcy Code. 11 U.S.C. § 105(a); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 199, 108 S.Ct. 963, 965, 99 L.Ed.2d 169 (1988); *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621, 625 (9th Cir.1989); *Gurney*, 192 B.R. at 537.

The key question is whether Congress intended 180 days in § 502(b)(9) to be a period of repose after which claims cannot be filed in any circumstances or, instead, merely a period of limitations in the event that the rules did not authorize enlargement of that period. We conclude that § 502(b)(9) is not a period of repose.

a

■ Statutes of repose are ordinarily explicit about the immutability of the deadline. The standard presumption in the absence of explicit congressional provision to the contrary is that a time limit is a period of limitations that is not immutable.

■ Congress explicitly made the 180 days a minimum period by permitting the rules to provide for more than 180 days ("180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide").

Similarly, Rule 3002(c)(1) allows an enlargement on a showing of cause so long as the governmental unit files a motion to extend the time before the expiration of the period. It follows that 180 days is not an outside limit and an absolute cutoff.

Moreover, if the governmental unit does not timely file a proof of claim, the debtor or the trustee may do so thereafter. 11 U.S.C. § 501(c). Rule 3004 prescribes a limit of 30 days after the deadline for such a filing. Fed.R.Bankr.P. 3004.

These factors all indicate the 180 days in § 502(b)(9) is a period of limitations, not repose.

b

The history of the derivation of the deadline for governmental proofs of claim reveals that the policy and purposes of the statute are consistent with applying equitable tolling doctrines to § 502(b)(9).

The Rules promulgated under the Bankruptcy Act of 1898 provided that governmental units had six months in which to file proofs of claim. Bankruptcy Rule 302(e) (repealed 1984).

In the enactment of the Bankruptcy Code in 1978, the Senate bill included a specific provision (proposed § 501(e)) giving governmental units at least six months in which to file proofs of claim. S. Rep. No 95–989, 95th Cong. at 62 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5848.

The House bill was silent and left the deadline to be determined by rule but expressed the expectation that the six month period would be preserved ("In light of the difficult administrative burden on taxing authorities, especially the Internal Revenue Service, in dealing with a bankrupt taxpayer and being required to prepare and file a tax claim, it is anticipated that any amendment to the Rules of Bankruptcy Procedure will not deprive taxing authorities of this amount of time [six months] to file proofs of claims"). H.R. Rep. No 595, 95th Cong. at 351 (1977).

In the final compromise, denoted as the House amendment, the Senate receded and the statements of the floor managers in both House and Senate included the identical statement: "The House amendment deletes section 501(e) of the Senate amendment as a matter to be left to the rules of bankruptcy procedure. It is anticipated that the rules will enable governmental units, like other creditors, to have a reasonable time to file proofs of claim in bankruptcy cases." Statements of Hon. Don Edwards and Sen. Dennis

DeConcini, 124 Cong. Rec. H32396 (Sept. 28, 1978) & S33996 (October 5, 1978).

The Rules that were finally adopted in 1984 gave governmental units 90 days in which to file proofs of claim.

When, in 1994, Congress enacted § 502(b)(9) specifying that claims of governmental units would be deemed timely if filed within 180 days after the order for relief or such longer period as the Rules may permit, it was mandating that the time be extended from the 90 days specified in the Rules to at least 180 days. The Rules were thereafter amended to make 180 days the presumptive maximum period, to permit prospective enlargements, and to forbid retroactive enlargements.

In this context, the 180–day deadline that represents the combination of § 502(b)(9) and Rule 3002 cannot be viewed as a statute of repose. Congress plainly contemplated flexibility in extensions in a manner inconsistent with repose. The Rules permit enlargements so long as the request is made before the deadline passes, which position is inconsistent with repose. In any event, the intent of Congress in § 502(b)(9) trumps. *United States v. Cleveland (In re Cleveland)*, 89 B.R. 69, 72 (9th Cir. BAP 1988).

### c

Applying the tolling doctrines of equity to § 502(b)(9) is not inconsistent with the statutory scheme.

■ Tolling would effectuate the policies underlying § 502(b)(9). This statutory provision is designed to protect the public's interest in assuring that their governmental units are able to collect all the revenues to which they are entitled. Congress recognized that it can be more complex for a governmental unit than a private party to identify and quantify a claim. Hence, it provided that the period be at least 180 days. Equitable tolling in appropriate circumstances furthers that purpose.

■ Tolling is also consonant with the purposes underlying the limitations period. Deadlines for proofs of claim reflect a balance between facilitating expeditious administration of bankruptcy cases and giving creditors a reasonable opportunity to establish their claims. Congress was solicitous of the need to adjust the balance in the interest of fairness, as indicated by the broad authority for reconsidering claims. 11 U.S.C. § 502(j).

Tolling is the safety valve for uncommon cases that do not fit comfortably into the statutory mold. Tolling can only be applied when the claimant can demonstrate appropriate diligence at a time in which there is still an opportunity to apply effective relief. Tolling is so well established in our jurisprudence generally and so plainly tolerated by Congress, that its application to a difficult problem posed by a particular case is consistent with the legislative purpose. *See* Ochoa & Wistrich, 28 Pac. L.J. at 510–11 & n. 250.

■ Hence, we conclude that the tolling doctrines of equity may be applied to § 502(b)(9) in appropriate circumstances.

### d

Two features of the application of the tolling doctrines of equity to § 502(b)(9) need mention.

### (1)

The diligence that is required for tolling must be construed in the context of Rules 3002(c)(1) and 9006(b)(3), which preclude enlargements of time based on "excusable neglect."

■ Diligence for purposes of tolling must be of a higher level than that which would suffice for purposes of "excusable neglect" under the rules. The narrowly-circumscribed equitable doctrine that we invoke is suitable for application only in exceptional cases and cannot be applied in a wholesale manner that would function to eviscerate valid rules of procedure.

### (2)

■ The extension resulting from tolling is not automatically for the same period as the condition that gave rise to the tolling.

■ Tolling is an equitable doctrine that is to be tailored to the circumstances. The requirement of diligence implies that there not be mechanical extensions. Rather,

it implies that the beneficiary of tolling, who has by definition already been diligent, continue to be diligent and file a proof of claim within a reasonable time. *See Cada,* 920 F.2d at 452–53.

### (3)

Having concluded that the tolling doctrines of equity may be applied to § 502(b)(9), the question becomes whether they should be applied in this case.

The issue of whether to toll a limitations period in a particular case is ordinarily a fact-intensive question for the trial court in the first instance. *United Ins. Management,* 14 F.3d at 1385. As the bankruptcy court did not explicitly consider the tolling issue, remand ordinarily would be necessary to permit the bankruptcy court to consider the question.

Nevertheless, sometimes the factual record is so clear that an appellate court may hold, as a matter of law, that tolling applies. *Id.* In other words, remand would be useless because it would be error not to apply tolling. This is such a case.

Moreover, we may affirm on any basis supported by the record. *Hoeck v. City of Portland,* 57 F.3d, 781, 783 (9th Cir. 1995); *City of Las Vegas v. Clark County,* 755 F.2d, 697, 701 (9th Cir.1984); *Parkhill v. Nusor (In re Nusor),* 123 B.R. 55, 59 (9th Cir. BAP 1991).

We rule out the application of *equitable estoppel* because the debtors did nothing wrong. The dismissal occurred solely as the result of administrative error by the chapter 13 trustee. Hence, there is no basis for estopping the debtors.

The pertinent doctrine is *equitable tolling.* The debtors and the IRS were equally innocent of causing the 79–day dismissal.

The controlling question in *equitable tolling* is whether the IRS was diligent in filing its proof of claim. We conclude that it was sufficiently diligent.

Following the dismissal, there no longer was a case in which a proof of claim could be filed. The order vacating the dismissal was entered 162 days after the order for relief. The IRS received notice of the order vacating the order of dismissal 167 days after the order for relief. Within 24 days, it had filed its proof of claim.

The IRS was sufficiently diligent to warrant application of *equitable tolling* for the 11 days that are necessary for the proof of claim to be deemed to have been timely filed under § 502(b)(9). In so ruling, we reject the argument that the 79–day dismissal triggers a 79–day tolling. *Cada,* 920 F.2d at 453.

Nor are we indifferent to other equities in the case. The debtors proposed a plan that called for 36 monthly payments of $1,333,33 (= $47,999.98). The IRS has an unsecured, nonpriority claim of $50,225.19. The only other claim appears to be $2,281.90. If the IRS claim is rejected as untimely, then the debtors will have achieved a true windfall because plan payments would be completed within two months.

Moreover, insofar as the debtors contest the IRS claim on such other grounds as validity of assessment and crediting of prior payments, they are not foreclosed from obtaining a formal judicial determination on the merits of what amounts, if any, are owed to the IRS.

\* \* \* \* \* \*

In sum, we conclude that the 180–day period for the IRS to file a timely proof of claim under § 502(b)(9) was tolled pursuant to the doctrine of equitable tolling for 11 days because the case was dismissed for a period of 79 days that ended less than 30 days before the proof of claim was filed.

The order of the bankruptcy court overruling the objection to claim is AFFIRMED.