**In re Murray F. ARMSTRONG.**

**Bankruptcy No. 96–50087S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 19, 1999.

Fletcher Lewis, Little Rock, AR, for plaintiff.

William S. Meeks, Thomas Streetman, Crossett, AR, for defendant.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several motions filed by claimants Bank of McCrory and J.E. Wampler, to wit:

1. A "Rule 9006 Motion for Extension of Time to File Claims by Bank of McCrory and J.E. [Jim Ed] Wampler; and Motion of John D. Eldridge to Withdraw as Attorney for Claimants; and Motion for Jury Trial on All Issues Triable by Fact

Before a Jury in Bankruptcy Proceedings," filed on July 16, 1999;

2. A "Response of Bank of McCrory and J.E. Wampler to Trustee's Objections to Claims of Bank of McCrory and J.E. Wampler Dated 7–17–1999; and Renewal of Motion for Jury Trial, and Motion *in Limine* as to Report of Cordant/H.Douglas Dangerfield," to filed on July 20, 1999,

3. A "Motion of Bank of McCrory and J.E. Wampler for Hearing on Motion *in Limine* as to Report of Cordant/H. Douglas Dangerfield, Dates for Other Hearings and Jury Trial; and Statements in Support of Motion *in Limine*," filed on August 5, 1999;

4. A "Supplemental Motion to Bank of McCrory and J.E. Wampler to Strike Trustee's Objections [dated 7–17–1999] to Claims of Bank of McCrory and J.E. Wampler [Claims filed 10–10–1996] Due to 'Bedrock Principle' of Lack of 'Formal Process,'" filed on August 6, 1999.

This Chapter 7 case was commenced on January 30, 1996, by the filing of an involuntary petition by several creditors. The Order for Relief was entered on March 13, 1996, and the permanent trustee appointed. The schedules, filed on May 3, 1996, included the following creditors:

Jim Wampler
Route 1, Box 467K
Wynne AR 72396

Bank of McCory
c/o John D. Eldridge
P.O. Box 479
August, AR 72006

The meeting of creditors pursuant to 11 U.S.C. § 341(a) was held on June 3, 1996. The minutes of the meeting, filed with the Court, indicate that John Eldridge appeared on behalf of the Bank of McCrory and Jim Wampler. Although Mr. Eldridge appears to have written his name, address, and capacity on the handwritten form, he did not indicate, as requested by the form, the amount of claim or whether a proof of claim had been filed.

Two days after the meeting, on June 5, 1996, the trustee filed a request with the Clerk of the Bankruptcy Court that a Notice of Assets be sent to all creditors. Accordingly, on June 7, 1996, the clerk, through the court's noticing center located in another state, issued a Notice of Possible Assets which indicated that the last day to file proofs of claim was September 10, 1996. The Notice of Possible Assets was entered on the docket on June 7, 1996, and served on June 9, 1996, from the noticing center.[1] The clerk's Certificate of Service, filed on June 12, 1996, and entered on June 13, 1996, states that the following persons were served with the notice:

Jim Wampler
Route 1, Box 467K
Wynne AR 72396

John D. Eldridge
Attorney for Bank of McCrory
P.O. Box 479
August, AR 72006

These creditors filed their proofs of claim on October 10, 1996, one month beyond the deadline for filing proofs of claim.

Upon his appointment as trustee in the case, Mr. Meeks began the process of collecting property of the estate. In this capacity, numerous adversary proceedings and contested matters were considered, filed, and either settled or tried. The Court file reveals that, by the spring of 1999, the trustee's work in garnering and liquidating assets was substantially, if not fully, completed, whereupon he turned his attention to determining the appropriate distribution of assets. In pursuit of this

---

**1.** When notice has been properly mailed and not returned as undeliverable, it is presumed to have reached its destination and mere submissions regarding nonreceipt will not rebut the presumption. *In re R.H. Macy & Co.,* 161 B.R. 355 (Bankr.S.D.N.Y.1993).

duty, on May 14, 1999, the trustee requested the court files containing the proofs of claim. On July 19, 1999, the trustee filed a lengthy Objection to Claims, which included an objection to the claims of Wampler and Bank of McCrory on the basis that they were untimely filed.

There are numerous requests for relief in the motions pending before the Court, some of which are appropriate for determination at this time and for which no hearing is required. The merits of the claimant's motion for an extension, the trustee's objection, and the claimant's response will be tried, together with the trustee's other objections to claims, on September 9, 1999.

### Jury Demand

■ The Claimants have demanded trial by jury "on all issues triable by fact before a jury in bankruptcy proceedings." On October 10, 1996, the claimants filed proofs of claim in this bankruptcy case. It is well-settled that a party filing a claim has no right to a jury trial. *See Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (creditor who files a proof of claim has brought itself within the equitable jurisdiction of the bankruptcy court and, thus, has no Seventh Amendment right to a jury trial). The fact that the claim is contested does not require a different result. Accordingly, the motions for jury trial will be denied.

### Burdens of Proof

■ Claimants request that the Court extend the time in which to file the proofs of claim and also request a determination that the untimely filing should be excused. Section 501 of the Bankruptcy Code permits a creditor to file a claim in the bankruptcy case. Section 502 addresses the allowance and disallowance of claims. Under section 502(a), the claim is deemed allowed if no objection is filed. Rule 3002,

Federal Rules of Bankruptcy Procedure, governs the time for filing the proofs of claim. In the instant case, a specific date was established for filing proofs of claim and the proofs of claim were required to filed by that date, September 10, 1999. Rule 9006 governs extensions of time but expressly limits the Court's authority to extend the time period for filing proofs of claim. Fed.R.Bankr.P. 9006(b)(3). Rule 3002(c) provides for enlargement in very limited circumstances, and, absent a showing under one of the specific exceptions, this Court has no authority to extend the time for filing proofs of claim. *Jones v. Arross,* 9 F.3d 79 (10th Cir.1993); *In re Coastal Alaska Lines,* 920 F.2d 1428 (9th Cir.1990).

The only provision which may be applicable which would provide the Court with authority to extend time is if the party or the representative of the party is an infant or incompetent person. Fed.R.Civ.P. 3002. Although the claimants do not appear to assert that either of the parties or their representatives, if any, are legally incompetent, that is, in fact, a factual issue which may be tried to the Court if there is a good faith basis for so doing. Thus, with regard to the claimant's motion for an extension of time, the grounds are limited to those enumerated in Rule 3002(c) and therefore the existence of one of those exceptions must be proved in order for there to be a determination that the proof of claim may be filed out of time and considered.

■ If the claimants cannot obtain an extension of time, however, the matter is not ended. Although Rule 3002 differentiates between timely and untimely claims, it does not bar allowance of all untimely claims. *In re Waindel,* 65 F.3d 1307 (5th Cir.1995).[2] Indeed, section 502 provides for allowance of claims unless:

---

**2.** Although in chapter 11 cases, a finding of excusable neglect may permit allowance of an untimely claim, *see Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123

L.Ed.2d 74 (1993), the rule that permits such a determination is not applicable to this case chapter 7 as different rules apply. Rule 3003 which governs filing of claims in chapter 11 cases expressly provides for extensions of

proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraphs (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure. . . .

11 U.S.C. § 502(b)(9). Section 726(a)(2) governs distribution of allowed claims, including some tardily filed claims. If the creditor "did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title" *and* if the claim is filed in time to permit payment of the claim, distribution may be made to that creditor in accord with the priority established by section 726. In addition, section 726(a)(3) governs distribution to untimely proofs of claim generally, but provides a lower priority of distribution to the creditor who, although having notice, untimely files a claim that is allowed. Thus, a creditor *without notice of the case* may be entitled to distribution from assets of the estate. *See In re Columbia Ribbon & Carbon Manufacturing Co.*, 54 B.R. 714 (Bankr. S.D.N.Y.1985). However, actual notice of the bankruptcy case before the bar date defeats the claim. *In re Coastal Alaska Lines*, 920 F.2d 1428 (9th Cir.199); *In re Ray Brooks Machinery, Inc.*, 113 B.R. 56 (Bankr.M.D.Ala.1989), *aff'd*, 113 B.R. 66 (M.D.Ala.1989), *aff'd*, 898 F.2d 159 (11th Cir.1990). The issue, therefore, under sections 502 and 726(a)(2) is whether the claimants had notice of the *case*, as opposed specific notice of the bar date.[3] Alternatively, the claimants may make a showing in order to be afforded distribution under section 726(a)(3), if any will be made.

▬ In determining the burdens of proof, the Rules provide some guidance inasmuch as the proof of claim is presumed valid. Fed.R.Bankr.P. 3001(f). The trust-

ee thus carries the initial burden of proving the basis of his objection. In the instant case, the trustee objects on the basis that the proof of claim is untimely. If the trustee makes that showing to the court, the burden then shifts to the claimant to demonstrate either that it is timely or some other ground, for which there is a basis in the Bankruptcy Code and Rules, that the claim should be allowed. Based upon the foregoing, it is

**ORDERED:** as follows:

1. With regard to the "Rule 9006 Motion for Extension of Time to File Claims by Bank of McCrory and J.E. [Jim Ed] Wampler; and Motion of John D. Eldridge to Withdraw as Attorney for Claimants; and Motion for Jury Trial on All Issues Triable by Fact Before a Jury in Bankruptcy Proceedings," filed on July 16, 1999,

(A) the request of John D. Eldridge to Withdraw as Attorney is GRANTED;

(B) the Motion for Jury Trial is DENIED. Trial shall be to the Court.

(C) The Motion for Extension of Time will be tried on September 9, 1999, and the only issues are whether claimants meet any of the requirements for an extension of time under Rule 3002(c).

2. With regard to the "Response of Bank of McCrory and J.E. Wampler to Trustee's Objections to Claims of Bank of McCrory and J.E. Wampler Dated 7–17–1999; and Renewal of Motion for Jury Trial, and Motion *in Limine* as to Report of Cordant/H.Douglas Dangerfield," to filed on July 20, 1999,

(A) the Renewal of Motion for Jury Trial is DENIED.

(B) The Motion *in Limine* is GRANTED to the extent the claimants request a ruling on the legal issue of the appropri-

---

time. Rule 3002 which governs this chapter 7 case provides for extensions in very limited circumstances. *Compare* Fed.R.Bankr.P. 3002 (applicable to chapter 7, 12 & 13 cases) and Fed.R.Bankr.P. 3003 (applicable to chapter 11 cases).

**3.** Much of claimants' motion in limine asserts that it did not receive notice of the *bar date* for filing claims. Under the Code and Rules, however, the issue is whether the claimants received notice of the *case*.

ate burdens of proof and DENIED to the extent that claimants assert that the trustee has the burden of demonstrating nonreceipt of the notice.

The burdens of proof are apportioned as described in the opinion, above.

(C) The merits of the Response will be tried to the Court on September 9, 1999.

3. With regard to the "Motion of Bank of McCrory and J.E. Wampler for Hearing on Motion *in Limine* as to Report of Cordant/H. Douglas Dangerfield, Dates for Other Hearings and Jury Trial; and Statements in Support of Motion *in Limine*," filed on August 5, 1999,

(A) The request for a hearing on the Motion *in Limine* and Motion for Jury Trial is DENIED.

(B) The Motion *is Limine* is GRANTED to the extent the claimants request a ruling on the legal issue of the appropriate burdens of proof and DENIED to the extent that claimants assert that the trustee has the burden of demonstrating nonreceipt of the notice. The burdens of proof are apportioned as described in the opinion, above.

4. With regard to the "Supplemental Motion to Bank of McCrory and J.E. Wampler of Strike Trustee's Objections [dated 7–17–1999] to Claims of Bank of McCrory and J.E. Wampler [Claims filed 10–10–1996] Due to 'Bedrock Principle' of Lack of 'Formal Process,'" filed on August 6, 1999, the Motion to Strike is DENIED. The remainder of the document will be treated as a pretrial brief for the Court.

**IT IS SO ORDERED.**