### In re Susan Jane KELLEY, Debtor.

### No. 00–20143.

United States Bankruptcy Court,
E.D. Texas,
Marshall Division.

Jan. 31, 2001.

Charles Lauffer, Ritcheson, Dollahite & Lauffer, P.C., Tyler, TX, for Regions Mortgage, Inc.

Rodney S. Scott, Attorney at Law, Longview, TX, for Susan J. Kelley.

## MEMORANDUM OF DECISION

BILL G. PARKER, Bankruptcy Judge.

Before the Court for consideration is the "Motion to Allow Late Filed Proof of Claim" (the "Motion") filed by Regions Mortgage, Inc. ("Regions") on November 6, 2000 in the above-referenced Chapter 13 case. The Court conducted a hearing on the Motion on December 5, 2000. At the conclusion of the hearing, the parties were given fifteen days in which to submit supplemental briefing to the Court, at which time the Court took the matter under advisement. This memorandum of decision disposes of all issues pending before the Court.

## I. JURISDICTION

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A)(B) and (O).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The essential facts are not really in dispute. Regions is the owner and holder of a promissory note executed by the Debtor, Susan Jane Kelley ("Debtor"), on October 10, 1980, in the principal amount of $55,450.00 and payable in 360 monthly installments. The payment of that promissory note is secured by a deed of trust granted by the Debtor in favor of Regions upon the Debtor's homestead in Marshall, Texas.

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 31, 2000. The Debtor scheduled Regions as the holder of a secured claim in the amount of $43,345.86, secured by real property which the Debtor valued at $69,000.00. The Debtor thereafter proposed a chapter 13 plan which, if confirmed, would pay to Regions an arrearage amount of $43,345.00 at 9% interest over a period of 60 months. Though it was not explicitly stated in the schedules or the proposed plan, the Debtor apparently scheduled the mortgage claim based upon the belief that the indebtedness to Regions had been fully accelerated prior to the filing of the bankruptcy case. It was clearly the intention of the Debtor to fully address the secured claim of Regions through the plan payment, as evidenced by the fact that there is no provision in her proposed budget for a monthly mortgage payment.

Regions was duly notified of the bankruptcy filing and received notice of the important deadlines established in the case, including June 7, 2000 as the last date for filing of claims and August 8, 2000 as the confirmation hearing date. However, the only activity taken on behalf of Regions in this case prior to the filing of the present motion was the filing of a notice of appearance and request for notice by a Roswell, GA law firm. Despite its obvious receipt of notice, Regions did not file a timely proof of claim in this case, nor did it present a timely objection to the confirmation of the Debtor's proposed chapter 13 plan.

On the morning of the confirmation hearing date, August 8, 2000, in an obvious attempt to cure the Trustee's objection that the plan proposed to pay a claim

which had not actually been filed, the Debtor filed a claim on behalf of Regions in the proposed plan amount of $43,345.00. The trustee apparently withdrew any objection which he had to the plan at that point and the Debtor's Chapter 13 plan was confirmed on August 8, 2000 with the recommendation of the Chapter 13 trustee.

On October 4, 2000, Regions filed a claim in the amount of $69,499.80, which included an analysis of an asserted arrearage claim totaling $38,885.39. Subsequently, on November 6, 2000, Regions filed the present motion, seeking "allowance" of its late-filed secured claim. The Debtor objected to the Motion, asserting that the Motion is essentially a post-confirmation attack upon the confirmed plan.

## III. *DISCUSSION*

■ Regions seeks the entry of an order through which it can obtain relief from the bar date imposed for the filing of claims in this Chapter 13 case and the allowance of its claim. It does so for the apparent, though unstated, reason that, although secured claimants are not required to file a claim [1], distribution of Chapter 13 plan proceeds can be made by the trustee only to the holders of allowed claims.[2]

Though such a claim would presently be deemed allowed under § 502(a) of the Bankruptcy Code,[3] it stands in a most precarious position; subject to the presentation of a potentially successful objection by the debtor, the trustee or some other party on the grounds that such claim in each case was not timely filed.[4] *See* 11 U.S.C. § 502(b)(9).[5]

Thus, Regions faces the likelihood of the disallowance of its claim for its failure to file such claim by the stated deadline. It thus perceives the need for a preemptive strike—a ruling from this Court that would cleanse and pardon them from their failure to adhere to the bar date—an action that would effectively preclude the granting of any subsequent objection to its claim on the grounds of untimeliness. However, this Court has no absolution to offer to Regions under these circumstances.

■ Federal Rule of Bankruptcy Procedure 3002(c) provides that, in a case under Chapter 7, 12, or 13, a proof of claim is timely filed only "if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." [6] That deadline is to be

---

1. *See* Fed. R. Bankr.P. 3002(a),

2. Though not directly presented, it would seem that, although 11 U.S.C. § 1326(b) speaks of the Chapter 13 trustee distributing plan payments "in accordance with the plan," the intent of the section is to direct plan payments to "creditors." One cannot be a "creditor" without holding a "claim", 11 U.S.C. § 101(10). Fed. R. Bankr.P. 3021 specifically supports that analysis by stating that, after a plan is confirmed, "distribution shall be made to creditors whose claims have been allowed." Fed. R. Bankr.P. 3021.

3. § 502 of the Bankruptcy Code provides that:
 A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

4. Without prejudging the issue, the disallowance seems likely since Regions does not deny that it received proper notice of the bar date.

5. § 502(b)(9) states, in relevant part, that:
 ... if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount except to the extent that
 (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

6. Fed. R. Bankr.P. 3002(c) provides that:
 [i]n a Chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for

strictly observed by all parties since, under the provisions of Fed. R. Bankr.P. 9006(b)(3),[7] the Court is given authority to extend that deadline only if a claimant demonstrates that its claim falls within one of the five exceptions specifically enumerated by Rule 3002(c). *Matter of Greenig*, 152 F.3d 631 (7th Cir.1998); *In re Aboody*, 223 B.R. 36, 37–38 (1st Cir. BAP 1998) [as to unsecured governmental claim, "... pursuant to Fed. R. Bankr.P. 9006(b)(3), the court's discretion to enlarge the time to file a proof of claim in a Chapter 13 is limited to the conditions in Rule 3002."]; *In re McQueen*, 228 B.R. 408, 411 (Bankr. M.D.Tenn.1998) ["... the Court is without legal or equitable grounds to allow a late filed proof of claim in a Chapter 13 case, even absent proper notice of the bar date for filing proofs of claim."]; *In re Duarte*, 146 B.R. 958, 960 (Bankr.W.D.Tex.1992) ["If a creditor does not come within one of these listed exceptions in Rule 3002(c), the court has no authority to extend the time within which to file a proof of claim."]. Thus, there is no safe harbor under Rule 3002(c) into which this movant can retreat and escape the consequences of its failure to file a claim on a timely basis.

 Such an escape might be possible if one adopts the position that the 90 day bar date for claims established under Rule 3002(c) is inapplicable to secured creditors and that a secured creditor who chooses to file a proof of claim in a bankruptcy case is free to do so at any time during the administration of the case. Certain courts have reached that conclusion.[8] Yet this Court believes that the proper statutory construction of the Bankruptcy Code and Rules, as well as strong policy considerations, mandate a conclusion that secured creditors are, in fact, bound by the bar date established by Rule 3002(c) and must timely file a proof of claim if they desire to receive a plan distribution.[9] As stated in

the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

7. Fed. R. Bankr.P. 9006(b)(3) states:

*Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), **3002(c)**, 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules. (emphasis added).

Thus, this Rule proscribes the Court's usual discretion to enlarge a time period established under the Bankruptcy Rules for taking a particular action upon a showing of "excusable neglect." *See, e.g., Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *In re 50–Off Stores, Inc.*, 220 B.R. 897, 901 (Bankr.W.D.Tex.1998).

8. *See, e.g., In re Babbin*, 160 B.R. 848 (D.Colo. 1993); *In re Strong*, 203 B.R. 105, 112 (Bankr.N.D.Ill.1996); *In re Robert*, 171 B.R. 881 (Bankr.N.D.Cal.1994).

9. The Court certainly acknowledges, however, that the holder of a secured claim has the option to rely solely upon its lien in satisfaction of an indebtedness and to refuse to file a

*In re Dennis*, 230 B.R. 244 (Bankr.D.N.J. 1999),

> [L]ike Code section 502, subsection (c) of Rule 3002 makes no distinction between secured and unsecured creditors. Subsection (c) of the Rule refers to a "proof of claim" rather than "an unsecured creditor's proof of claim." Had Congress intended to abandon the filing deadline for secured creditors, the rule's restricted application to unsecured creditors would have been expressly stated. The explicit reference to unsecured creditors in subsection (a) of the same Rule does not suggest that subsection (c) is thereby applicable only to unsecured creditors.

*Id.* at 251. *See also, In re Macias*, 195 B.R. 659, 660 (Bankr.W.D.Tex.1996) ["Thus, even though a secured creditor might choose to 'ride through' a bankruptcy case by refusing to file a claim, the bankruptcy rule appears to mandate that the creditor may receive distributions out of the plan only if it holds an allowed claim."]. Regions obviously agrees with the Court's conclusion regarding the applicability of the bar date to secured claims or it would not have filed for relief from that deadline. Accordingly, the fact that the payment of the Debtor's indebtedness to Regions is secured by collateral cannot excuse Regions' failure to timely present its secured claim.

▮▮▮▮ Finally, Regions cannot utilize the claim which the Debtor filed on its behalf to achieve the allowance of its own claim.[10] The Debtor filed a claim on Regions' behalf under the provisions of Fed. R. Bankr.P. 3004, which authorizes a debtor or trustee to file a claim on behalf of any creditor who has failed to file a claim on or before the first date set for the § 341 meeting of creditors.[11] While a creditor may supersede any claim filed on its behalf under Rule 3004, that objective can be achieved only through timely and prudent action by that creditor. Rule 3004 specifically states that a creditor's proof of claim must be timely filed by the established bar date in order to supersede a claim filed on its behalf. Thus, the dilatory nature of Regions' actions in this case have forfeited any protection which it might have otherwise received under Rule 3004.

▮▮▮▮ As an alternative to Rule 3004, this Court arguably could, pursuant to its equitable power recognized in *In re Kolstad*,[12] construe Regions' late claim as "amending" rather than "superseding" the claim filed on its behalf by the Debtor. However, Regions has failed to establish any facts which would warrant the exercise of this Court's equitable power in such a manner. As stated earlier, unlike the claim in *Kolstad*, the claim filed on Regions' behalf by the Debtor in this case is clearly subject to attack on the basis of untimeliness. However, even if the Debtor's presentation of a claim on Regions' behalf had been timely, the Court would still be reluctant to exercise its equitable

proof of claim if it wants no distribution under a proposed plan.

10. Actually, the claim subsequently filed by the Debtor on behalf of Regions is in as precarious a position as the claim for which Regions seeks allowance, since the claim was not filed by the Debtor until August 8, 2000, even though the 30–day period for the filing of claims on behalf of creditors by the debtor pursuant to Fed. R. Bankr.P. 3004 expired in this case on July 7, 2000.

11. Fed. R. Bankr.P. 3004 provides that:
 [i]f a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c) shall supersede the proof filed by the debtor or trustee.

12. *In re Kolstad*, 928 F.2d 171, 175 (5th Cir. 1991), *reh'g en banc denied*, 936 F.2d 571 (5th Cir.1991), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991).

power for Regions' benefit under these circumstances since, in the opinion of the Court, the Bankruptcy Code and Rules provide clear and precise procedural mechanisms under which claimants, particularly sophisticated entities such as Regions, can insure their full participation in bankruptcy plan distributions. Other creditors in this case acknowledged those mechanisms and timely filed their proofs of claim in accordance with the bar date. Meanwhile, Regions refused or neglected to participate in a like manner under those same procedures, but now it desires to be extricated from the consequences of its own decisions. Because Regions has repeatedly failed to protect its own interests at various junctures of this case and the invocation of this Court's equitable power to allow Regions' claim at this point would be manifestly unjust to the interests of those creditors who diligently followed the established procedures, this Court declines to grant such relief.

Accordingly, for all of the foregoing reasons, the Motion to Allow Late Filed Proof of Claim filed by Regions Mortgage, Inc. is denied. This memorandum of decision constitutes the Court's findings of fact and conclusions of law [13] pursuant to Fed. R.Civ.P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr.P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

---

**13.** To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.