**In re Lee Ward BENNETT, and Mary Bennett, Debtors.**

No. 200–01189.

United States Bankruptcy Court, M.D. Tennessee.

Aug. 24, 2001.

Howard Pick, Crossville, TN, for debtors.

Henry E. Hildebrand, III, Nashville, TN, trustee.

## MEMORANDUM

MARIAN F. HARRISON, Bankruptcy Judge.

This case is before the Court on the Chapter 13 Trustee's motion to disallow the late-filed claim of East Alabama Medical Authority, Inc. (herein "Medical Authority"), who opposed the motion. For the reasons stated below, which constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, the Court finds that the Chapter 13 Trustee's motion should be granted and the Medical Authority's objection overruled.

### FACTS

The relevant facts of this case are not in dispute. The debtors filed their voluntary petition under Chapter 13 on February 11, 2000. In their schedules and statements, the debtors did not list the Medical Authority as a creditor, nor did they include the Medical Authority in the mailing matrix. The debtors' Chapter 13 plan was confirmed by order of this Court, entered on March 16, 2000, and provides for payment of a minimum base dividend of $168,600. Allowed unsecured claimholders are to receive a 100% dividend over a plan life of approximately 60 months. The claims bar date for general creditors was June 12, 2000, and the Medical Authority filed its Proof of Claim for a nonpriority unsecured claim in the amount of $30,394.58 on August 18, 2000. The parties agree that the Medical Authority did not receive notice of the bankruptcy until after the claims bar date had passed.

### DISCUSSION

The Medical Authority relies solely on *IRS v. Hildebrand*, 245 B.R. 287 (M.D.Tenn.2000), *appeal dismissed for lack of subject matter jurisdiction*, 248 F.3d 484 (6th Cir.2001), in which the District Court held that 11 U.S.C. § 502(b)(9) did not preclude the equitable tolling of the bar date for filing claims in a Chapter 13 case where the IRS was not notified or listed as a creditor in the debtor's bankruptcy. In urging the Court to disallow the Medical Authority's late-filed claim, the Chapter 13 Trustee asserts that the District Court in *IRS v. Hildebrand* did not make equitable tolling automatic, that the Court limited equitable tolling to cases involving governmental units, and that the issue of whether a bankruptcy court has discretion to employ equitable tolling to the claims bar date in Chapter 13 cases should be revisited in this district, in light of the Ninth Circuit's reversal of *In Re Gardenhire*, 220 B.R. 376 (9th Cir. BAP 1998), *reversed sub nom, Gardenhire v. IRS*, 209 F.3d 1145 (9th Cir.2000), upon which the Court in *IRS v. Hildebrand* relied. For the reasons set forth below, this Court finds that the Ninth Circuit's analysis of the statute and rules addressing the disallowance of late-filed claims in Chapter 13 proceedings (11 U.S.C. § 502(b)(9), Bankruptcy Rules 3002(c) and 9006(b)) to be persuasive, and that equitable considerations may not override the clear language in the statute and rules requiring the timely filing of claims.

The Ninth Circuit in *Gardenhire* began with a discussion of 11 U.S.C. § 502, which provides that upon objection, a creditor's claim will be disallowed if it is filed beyond the bar date. Specifically, 11 U.S.C. § 502(b)(9) states that claims should be allowed except where:

proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

The Ninth Circuit noted that the exception contained in § 502(b)(9), referencing 11 U.S.C. § 726(a) permits the allowance of certain tardy claims only in Chapter 7 proceedings. However, no such leeway is given in any Code section addressing Chapter 13.

As the Ninth Circuit noted, two bankruptcy rules addressing timely and late-filed claims have been promulgated, to wit: Rule 3002(c) and Rule 9006(b). In Rule 9006(b), a bankruptcy court is permitted to enlarge the time period set forth in Rule 3002(c) (dealing with timely filing of claims) "only to the extent and under the conditions stated in the these rules." Rule 3002(c) describes five instances where a claim filed more than ninety (90) days after the first date set for the meeting of creditors (the bar date) can be deemed timely—none of which are applicable to this case.

Presumably when Congress failed to include in Chapter 13 a provision such as 11 U.S.C. § 726(a)(2)(C) to permit creditors who had no knowledge of the case or the bar date to file late claims, Congress had in mind the purpose of Chapter 13 and its

framework—to allow debtors to commence repayment as soon as possible of some or all of their debts. In contrast to Chapter 7, if a creditor is untimely in filing his claim under Chapter 13, but is allowed at some later date to participate in the Trustee's monthly distribution to creditors, the Trustee will never know how much he can distribute to any creditor at any particular time, and the feasibility of the entire plan as well as its confirmation may be seriously questioned when a late-filed claim is allowed that was not previously anticipated by the Trustee or the other creditors.[1] The absence of a bright line claims bar date in Chapter 13 could well create havoc in the system. The Court declines to permit that havoc.

While the result may seem harsh on the surface, it should be emphasized that this Court is only disallowing the Medical Authority's claim pursuant to 11 U.S.C. § 502(b)(9) and the concomitant rules. It is not here passing on such matters as whether under 11 U.S.C. § 1328, the debt to the Medical Authority is discharged, or whether the debtor's ultimate discharge should be revoked. This opinion does not address or decide whether any remedies are available to the Medical Authority other than having its late-filed claim allowed under equitable principles foreign to the statutory scheme of Chapter 13. As the Ninth Circuit in *Gardenhire* noted, no Court of Appeals has permitted such tolling in contravention of the clear provisions of 11 U.S.C. § 502(b)(9), and the result reached herein appears to represent the

---

**1.** It should also be noted that a late-filed claim in Chapter 7 is only allowed under 11 U.S.C. § 726(a)(2)(C) if the creditor does not have knowledge of the case in time to file a timely claim *and* "proof of such claim is filed in time to permit payment of such claim." In a Chapter 13 case, payment to creditors provided for in the plan begins almost immedi-

ately and continues for several years. To allow a late-filed claim after a plan has been confirmed and distributions to creditors have begun would be similar to allowing a late-filed claim under Chapter 7 in a case where distribution has already occurred, an allowance which would not even be permitted under 11 U.S.C. § 726(a)(2)(C)(ii).

majority view.[2]

## CONCLUSION

For all of the foregoing reasons, this Court declines to apply equitable tolling to a late-filed Chapter 13 claim.

An appropriate order will enter disallowing the Medical Authority's late-filed claim.

**2.** *See, e.g., In re Kelley,* 259 B.R. 580, 583–84 (Bankr.E.D.Texas 2001) (in cases under Chapter 7, 12, or 13, deadline for filing proof of claim is to be strictly observed); *In re Armstrong,* 238 B.R. 438, 440 (Bankr.E.D.Ark. 1999) (Federal Rule of Bankruptcy 3002(c) provides for enlargement of time for filing proofs of claim in very limited circumstances, and, absent a showing under one of the specific exceptions, the Court has no authority to extend the time for filing proofs of claim); *In re Colombraro,* 230 B.R. 673, 677 (Bankr. D.N.J.1999) (Court lacks discretion to extend deadline for filing proof of claim in Chapter 7 case once deadline has passed); *In re Elmont Elec. Co.,* 206 B.R. 41, 43 (Bankr.E.D.N.Y. 1997) (Bankruptcy Rule of Procedure 9006(b)(3) expressly states that court cannot enlarge time period for filing proofs of claim).